```
                    IN THE UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


     _____
                                           )
     TAMMY ALVARADO, ET AL.,                )
              Plaintiffs,                   )
                                           ) CIVIL ACTION NO.
     VS.                                    ) 4:19-CV-2148
                                           )
     CLARK, LOVE & HUTSON, G.P.,            )
     ET AL.,                                ) 9:05 A.M.
              Defendants.                   )
     _____)


                             MOTION HEARING
                 BEFORE THE HONORABLE ANDREW S. HANEN
                            AUGUST 12, 2019

     APPEARANCES:

     FOR PLAINTIFFS:
     MR. JAMES MILLER BEGGS
     Beggs Landers Law Firm PLLC
     140 East Irving Boulevard
     Irving, Texas   75060
     (972)253-8000

     MS. LYNDA JOY LANDERS
     Landers Law Firm
     1207 West University, Suite 102
     McKinney, Texas   75069
     (972)529-5707

     FOR DEFENDANTS:
     MR. DALE JEFFERSON
     MR. RAUL SUAZO
     Martin, Disiere, Jefferson & Wisdom L.L.P.
     808 Travis Street, 20th Floor
     Houston, Texas   77002
     (713)632-1700



     Proceedings recorded by mechanical stenography, transcript
     produced by computer.
```

1  APPEARANCES CONTINUED:

2  **COURT REPORTER:**
   Heather Alcaraz, CSR, FCRR, RMR
3  Official Court Reporter
   515 Rusk, Suite 8004
4  Houston, Texas  77002
   (713)250-5584

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
09:05:49   1              THE COURT:  19-cv-2148, Alvarado versus Clark, Love.
09:06:18   2              Pick a side.  It doesn't matter to me.
09:06:22   3              All right.  Let me caution y'all:  This courtroom does
           4   not have very good acoustics.  So don't get away from a
           5   microphone.
09:06:33   6              All right.  We're here basically because we keep
           7   having -- I think we're at cross points on whether the complaint
           8   is sealed or unsealed.
09:06:47   9              MR. BEGGS:  Yes, Your Honor.
09:06:47  10              THE REPORTER:  I'm sorry.  What was your name?
09:06:47  11              MR. BEGGS:  Jim Beggs for the plaintiffs, Your Honor.
09:06:49  12              THE COURT:  And who's here for the defendants?  I
          13   should have asked.
09:06:52  14              MR. JEFFERSON:  That's okay.  Dale Jefferson and Raul
          15   Suazo for the defendants, Clark --
09:06:55  16              MR. BEGGS:  And Linda --
09:06:55  17              MR. JEFFERSON:  -- Love & Hutson.
09:06:56  18              MR. BEGGS:  -- Landers for the plaintiffs, Your Honor.
09:07:02  19              THE COURT:  All right.  I've read the motion to
          20   unseal, and, of course, I sealed it out of an abundance of
          21   caution because I -- I mean, I don't want the plaintiffs sued
          22   for breach of the settlement agreement.  I've read the motion to
          23   unseal, and, basically, it -- it -- it stresses how critical
          24   some of these allegations are, and I -- and it made me wonder:
          25   Are we somehow confusing a motion to seal with a motion to
```

1  strike?
2  I'm not striking those allegations.  I'm sealing them.
3  **MR. BEGGS:**  Yes, Your Honor.
4  **THE COURT:**  And so what's the reason they -- if they
5  have a confidentiality agreement in the settlement agreement
6  they reached with the defendants in the prior case, why do you
7  want them to breach that agreement?
8  **MR. BEGGS:**  Well, Your Honor, it's our contention that
9  the defendants breached their agreement from the get-go by
10  failing to disclose --
11  **THE COURT:**  The defendants aren't parties to that
12  agreement.
13  **MR. BEGGS:**  The release agreement, Your Honor?
14  **THE COURT:**  The defendants aren't party to the
15  settlement in the underlying case.
16  **MR. BEGGS:**  Yes, Your Honor.  My clients didn't have
17  informed consent to enter that agreement, though, because of
18  that breach.
19  **THE COURT:**  No.  I understand why -- I mean, I
20  understand your lawsuit against them --
21  **MR. BEGGS:**  Yes, Your Honor.  All right.
22  **THE COURT:**  -- but they -- your clients have entered a
23  contract with the people they sued in the underlying case or
24  the -- I don't know if they settled or actually sued.  Maybe it
25  was a claim.

```
09:08:32   1               But they entered a settlement agreement -- if I'm
           2   wrong, tell me, because I'm -- maybe I'm misunderstanding it.
09:08:37   3               As part of that settlement agreement not with the
           4   defendants, but with the drug company --
09:08:43   5               MR. BEGGS:  Drug company, yes, Your Honor.
09:08:44   6               THE COURT:  -- part of that settlement agreement
           7   contained a confidentiality agreement.
09:08:49   8               MR. BEGGS:  Yes, Your Honor.
09:08:49   9               THE COURT:  And you filing an unsealed pleading
          10   breaches that confidentiality agreement.  So your clients, right
          11   now, theoretically -- I'm not saying it's going to happen, but,
          12   theoretically, could be sued by the drug company saying, Give us
          13   our money back --
09:09:07  14               MR. BEGGS:  Yes, Your Honor.
09:09:07  15               THE COURT:  -- you breached the agreement, and your
          16   clients would have to do that because they did breach the
          17   agreement by filing the unsealed pleading.
09:09:17  18               MR. BEGGS:  Yes, Your Honor.
09:09:17  19               THE COURT:  And then you would be liable for doing
          20   that.
09:09:22  21               MR. BEGGS:  Don't want that, Your Honor.
09:09:23  22               THE COURT:  Well, I know.  That's why I sealed it.
09:09:24  23               MR. BEGGS:  Thank you, Judge.
09:09:25  24               THE COURT:  So I --
09:09:26  25               MR. BEGGS:  Perhaps we can alleviate some of this
```

1    difficulty.

09:09:30  2       **THE COURT:**  Yeah.

09:09:31  3       **MR. BEGGS:**  In the response to our motion to unseal,
4    the defendants cited a case.  We have subsequently filed *Johnson*
5    *versus Clark, Love & Hutson* as a replica of something that could
6    be filed and not got at the agreement.  And then they went on to
7    say, on page 7 of the response, that they would be agreeable and
8    not object to our amending and curing that defect with regard to
9    the confidentiality agreement.

09:09:54 10       We would be perfectly fine with doing that.  We can
11   amend and -- and delete any kind of reference to the
12   confidentiality agreement and any violation.  We're glad to do
13   that.

09:10:04 14       **THE COURT:**  Well, just -- y'all get together.  Let
15   me -- if you're going to do that, and I'm okay with you doing
16   that, make sure that -- you guys actually, probably, need to
17   talk because, I mean, if you file another one -- I mean, look at
18   the confidentiality agreement.  I don't have it in front of me,
19   but whatever it is, I don't want you to file another amended
20   complaint which breaches it.

09:10:26 21       **MR. BEGGS:**  No, Your Honor.

09:10:28 22       **THE COURT:**  I mean, otherwise, you guys will be
23   defendants, and I'll have yet a third law firm in here.

09:10:36 24       **MR. BEGGS:**  In their response, Judge, they state that
25   we:  (Reading) Omit virtually all the violative language.  It's

|  |  |
|---|---|
|  | 1 possible -- it is possible to have a publicly filed lawsuit |
|  | 2 against underlying mesh counsel that is not -- |
| 09:10:48 | 3 **THE REPORTER:** I'm sorry. Slow down. |
| 09:10:48 | 4 **MR. BEGGS:** (Reading) It is possible to have a |
|  | 5 mirror-image lawsuit by the same attorneys who omitted virtually |
|  | 6 all of the violative language. It is possible to have a |
|  | 7 publicly filed lawsuit against underlying mesh counsel that is |
|  | 8 not a walking violation of the settlement agreement. |
| 09:11:01 | 9 And we're glad to do that. |
| 09:11:02 | 10 **THE COURT:** Okay. All right. Well, you have my |
|  | 11 permission to. |
| 09:11:05 | 12 **MR. BEGGS:** Thank you, Judge. |
| 09:11:05 | 13 **THE COURT:** All right. Let's talk for a minute -- |
| 09:11:07 | 14 **MR. JEFFERSON:** And, Your Honor, just a point of |
|  | 15 clarification for the record, if I might. Because while he has |
|  | 16 accurately quoted the motion, the motion says "virtually all." |
|  | 17 So I don't want the record to seemingly reflect that somehow or |
|  | 18 another we believe that their newly filed petition in the |
|  | 19 *Johnson* case that they filed, which landed in Judge Hughes' |
|  | 20 court on July the 23rd, is completely and 100 percent compliant |
|  | 21 such that, if they filed the exact same verbiage as an amended |
|  | 22 complaint, that we would still not be here. |
| 09:11:40 | 23 So I want to make sure that that is very clear here on |
|  | 24 the record because as this Court has already -- has noted in |
|  | 25 general, there are problems down the line, and we've already |

1  faced this.  We received a show cause order from the state court
2  that approved the settlement because my clients had to disclose
3  to the mesh manufacturers and to the special master and to the
4  trial court what took place, and we did that.  And about three
5  or four weeks later, we got a show cause motion, and so my
6  clients had to pay me to go down and appear before the court.
7  And we're still awaiting the court's ruling, but to
8  appear before the court to explain to the court and to the
9  special masters why this initial complaint was not a violation
10 of the settlement agreement or -- or more specifically, rather,
11 why it was not the fault of Clark, Love & Hutson that this
12 confidential information was disclosed in the lawsuit because
13 everybody agreed that it did violate the settlement agreement.
14 And so I want to make sure, since we've already
15 suffered that harm once, that the record is very clear that we
16 are not contending that the *Johnson* case is perfect.  Our point
17 there was to note that the mere existence of the *Johnson* case
18 filing goes to show that all of the reasons that they had for
19 filing a public complaint don't exist because they empirically
20 disproved their own argument.
21         **THE COURT:**  Okay.  But I'm less interested in, right
22 now, who's at fault.  I just want to fix it --
23         **MR. BEGGS:**  Thank you, Judge.
24         **THE COURT:**  -- so no one else gets sued, and so we can
25 go down the line in a lawsuit.

```
09:13:29   1                 Tell me, though:  Do I have the lower number?
09:13:33   2            MR. JEFFERSON:  You do.
09:13:34   3            THE COURT:  And is it the same allegations?
09:13:36   4            MR. JEFFERSON:  It is -- well, I'll let Mr. Beggs
           5   correct me if I'm wrong, but -- but the instant lawsuit was
           6   filed I believe on either June 13th or June 14th, and the
           7   single-plaintiff case, Johnson, was filed on July the 23rd, and
           8   it landed in Judge Hughes' court.  We're going to file a motion
           9   to consolidate the later-filed action into this court.
09:14:01  10            THE COURT:  Okay.  All right.  Y'all have not had your
          11   Rule 16 conference yet?
09:14:07  12            MR. JEFFERSON:  We have not, Your Honor.
09:14:08  13            THE COURT:  All right.  Let's talk about, for a
          14   minute -- the chances are, if you file that motion, it'll be
          15   granted since it's the same -- not the same parties, but it's
          16   the same defendants and same allegations --
09:14:22  17            MR. BEGGS:  Yes, Your Honor.
09:14:22  18            THE COURT:  -- same lawyers.  You know, obviously, I
          19   can't predict what Judge Hughes will do or won't do, but you're
          20   probably going to end up in -- with both cases here.
09:14:34  21            We're going to have this confidentiality problem
          22   throughout the case.  I mean, because you're going -- it's going
          23   to come up in depositions.  It's going to come up -- and so what
          24   I'm suggesting to you is that you -- you get together, agree on
          25   a protective order, agree how to handle this so that, you know,
```

```
 1   we don't have to seal everything, but we can seal portions or
 2   whatever.  And -- and if you guys agree on a protective order,
 3   I'll sign it.
 4            I mean, I'm not going to give you a hard time that --
 5   you know, how it's phrased or whatever, but -- because if y'all
 6   agree -- if you don't agree, then I think -- you know, then
 7   I'll -- I'll rule.  But I think you're going to need one.
 8            MR. BEGGS:  Yes, Your Honor.
 9            MR. JEFFERSON:  Well, Judge, we're going to need you
10   to rule because we sent them a protective order on June the
11   28th.  When we had our telephonic hearing, you brought up this
12   point, and you said -- you said the exact same thing.  I
13   informed the Court that we had already tendered them an agreed
14   protective order, and this is actually detailed in my response
15   motion.
16            I have a plethora of e-mails to Mr. Beggs saying, "I'm
17   awaiting your response on the protective order.  I'm awaiting
18   your response to the protective order."  And more than a month
19   after I sent it, I finally got a response.  It was two
20   sentences.  The first sentence says, "We don't agree with the
21   wording of your protective order."  The second sentence says,
22   "Can we talk about this tomorrow?"  I respond and say, "Call me
23   in the morning."  I've never heard back.
24            I detailed this.  You already have a copy of our
25   proposed protective order.  And so given the fact that I gave it
```

1   to them in June, and it's the middle of August and I've gotten
2   no response, I think we're just going to ask you to rule --
09:16:17  3          **THE COURT:**  Well, you're both here now.
09:16:20  4          **MR. BEGGS:**  Yes, Your Honor.
09:16:21  5          **THE COURT:**  Now might be a good time to sit down and
6   work this out.  It's -- you can't -- I'm not saying you can't.
7   I mean, lawyers are very creative.  You can come up with ways
8   that maybe I haven't thought of.  But, I mean, as a practical
9   matter, both of y'all need this protection because --
09:16:39 10          **MR. BEGGS:**  Yes, Your Honor.
09:16:40 11          **THE COURT:**  -- otherwise, you know -- you don't want
12  Mr. Jefferson or you, Mr. Beggs, to be sued --
09:16:48 13          **MR. BEGGS:**  No.
09:16:48 14          **THE COURT:**  -- just because you conducted a
15  deposition, you know, and what's -- I mean, I can't predict
16  this, but if -- if the defendant in the underlying case actually
17  got horsy and tried to get their money back, your clients would
18  really be mad.  Right now they may be mad that they didn't get
19  enough money or they didn't want to settle or whatever, but if
20  they ended up having to give the money back, they're going to be
21  really mad.
09:17:17 22          **MR. BEGGS:**  Yes, Your Honor.
09:17:18 23          **MR. JEFFERSON:**  No, it -- it's a big problem, and it's
24  highlighted by the fact that we still have an attorney-client
25  relationship with -- with two of these ladies because their

|            |                                                                |
|-----------:|----------------------------------------------------------------|
|          1 | settlements have not yet reached the final judgment stage.  So |
|          2 | Clark, Love & Hutson is kind of on the horns of that very      |
|          3 | dilemma, which is why we proposed a protective order back in   |
|          4 | June.                                                          |
| 09:17:40  5 | **MR. BEGGS:**  We disagree with that assessment,          |
|          6 | Your Honor, that they still represent them.                    |
| 09:17:43  7 | **THE COURT:**  Okay.  But regardless of whether that -- |
|          8 | it's still going to be a problem throughout this case.  Here's |
|          9 | what I think:  I think y'all need to get together, as I said.  |
|         10 | Try to work this out, but if you can't work it out, you know,  |
|         11 | this week, you know, file your motion, and I will come up with |
|         12 | something that -- that works.                                  |
| 09:18:09 13 | I don't think it needs to be incredibly complicated.   |
|         14 | I mean, you know, I get these orders in patent cases where, you |
|         15 | know, somebody reads this, you have to kill them, you know,    |
|         16 | or -- you don't have to do it that -- but, I mean, you can try |
|         17 | this case without that, and -- and I -- as I said, I'll go along |
|         18 | with that.                                                     |
| 09:18:33 19 | Do -- Rhonda, do you know when their Rule 16           |
|         20 | conference is?                                                 |
| 09:18:39 21 | **THE CASE MANAGER:**  I can look it up real quick.    |
| 09:18:41 22 | **MR. BEGGS:**  November 7th, I believe, Your Honor.   |
| 09:18:42 23 | **MR. JEFFERSON:**  I think it's in the first week of  |
|         24 | November, perhaps.                                             |
| 09:18:44 25 | **THE COURT:**  All right.  That's on.  Why don't you go |

1  ahead and file -- if you're going to file a motion to
2  consolidate that case, go ahead and do that so we can get them
3  all on the same -- you know, get them together and get them all
4  in the same timeline.
5            **MR. BEGGS:**  It's November 7, Your Honor.
6            **MR. JEFFERSON:**  Yeah.
7            **THE COURT:**  Okay.  And then -- and then I may do the
8  Rule 16 conference so that we can get this -- you know, make
9  sure everybody understands how we're going to do stuff and make
10 sure that I understand what the understanding is so I don't,
11 later on, have a -- you know, some kind of motion for sanctions
12 or motion to compel or something that one side's not doing what
13 the other side thinks.  I mean --
14           **MR. JEFFERSON:**  Thank you, Your Honor.  I think that
15 will be helpful.  And if there is a way that we can work with
16 your staff to perhaps garner an earlier hearing date --
17           **THE COURT:**  Well, I -- that's why I'm -- that will
18 happen once we decide the motion to consolidate.  That's why I'm
19 telling you to go ahead and file it.
20           **MR. JEFFERSON:**  We'll do that.
21           **THE COURT:**  You know, that's the first step, if
22 there's another case hanging out there.  But -- but, you know,
23 this is -- there's no reason -- I don't want either side here to
24 get in trouble vis-a-vis the underlying case.  Let's -- we can
25 try this case without that happening, and -- and it's just

```
 1   simpler if there's one judge because, you know, I may approve a
 2   protective order, but Judge Hughes might not --
09:20:17  3        MR. JEFFERSON:  Exactly.
09:20:18  4        THE COURT:  -- or vice versa, and then you'd be
 5   operating under two different rules, and you -- you're going to
 6   have to remember which case -- which rule applies, and that's --
 7   to me, that doesn't make any sense.
09:20:28  8            So what makes sense, to me, is try to work out the
 9   protective order, and go ahead and file your motion to
10   consolidate.
09:20:36 11        MR. BEGGS:  Very well.
09:20:36 12        MR. JEFFERSON:  We will do that, Judge, and if we're
13   unable to come to an agreement, then each side, I guess, can
14   file their competing orders.  Hopefully, we can come to an
15   agreement, and -- and we will get that motion to consolidate
16   filed.
09:20:50 17        THE COURT:  Okay.  I'm going to give the plaintiffs,
18   if you want to file an amended complaint -- but, again, be
19   careful what's in it.
09:20:59 20        MR. BEGGS:  Yes, Your Honor.
09:21:03 21        THE COURT:  I'll give you till the 23rd, and then the
22   defendants can have till the 13th of September to respond to
23   that either by answer or motion to dismiss.  But don't wait on
24   that for the motion to consolidate because it's probably better
25   if we get it -- because, you know, as far as I know,
```

|            |                                                                                     |
|-----------:|-------------------------------------------------------------------------------------|
|          1 | Judge Hughes may turn around and have a Rule 16 conference                          |
|          2 | tomorrow.                                                                           |
| 09:21:30 3 | **MR. JEFFERSON:**  Well, actually, the Rule 16                                     |
|          4 | conference, he already set that, and it's actually before yours.                    |
| 09:21:34 5 | **THE COURT:**  That's what I --                                                    |
| 09:21:36 6 | **MR. JEFFERSON:**  I think it's set on October the 22nd                            |
|          7 | or 23rd.                                                                            |
| 09:21:39 8 | **THE COURT:**  I knew -- we are not coordinated enough                             |
|          9 | to -- to have them on the same day or anything like that.  So, I                    |
|         10 | mean, that -- you're expecting too much from your federal                           |
|         11 | government.                                                                         |
| 09:21:48 12| But -- but let's go ahead and do this.  I mean, once                                |
|         13 | we get the framework in place -- and I know there may be hard                       |
|         14 | feelings on both sides or not, but setting that aside, this is a                    |
|         15 | simple case, really.                                                                |
| 09:22:05 16| **MR. BEGGS:**  Yes, Your Honor.                                                    |
| 09:22:07 17| **MR. JEFFERSON:**  And finally, just for point of                                  |
|         18 | clarification, Your Honor, I know that we have some homework to                     |
|         19 | do, as you have laid out, and we will certainly do that.  But in                    |
|         20 | the interim time, I just want to make sure, for the record, that                    |
|         21 | the complaint will remain sealed.                                                   |
| 09:22:20 22| **THE COURT:**  Yes.  Yes.  But -- but -- yeah.  You --                             |
|         23 | look at that confidentiality agreement.  You guys are smart                         |
|         24 | enough to write around it --                                                        |
| 09:22:32 25| **MR. BEGGS:**  Yes, Your Honor.                                                    |

09:22:33  1              **THE COURT:**  -- and not violate it.
09:22:34  2              **MR. BEGGS:**  Very well.
09:22:35  3              **THE COURT:**  And -- and maybe the -- I'm not ordering
          4  you to do this, but it might be good -- I mean, they know you're
          5  going to file it.  Send them a copy of it before you file it and
          6  say, "Hey, do you see anything in here that violates it?"
09:22:47  7              **MR. BEGGS:**  Sure.
09:22:48  8              **MR. JEFFERSON:**  We're happy to do that, and then
          9  I'll -- and, likewise, before -- I'll hand them another copy of
         10  our proposed protective order.
09:22:55 11              **MR. BEGGS:**  Thank you.
09:22:55 12              **THE COURT:**  Well, maybe y'all can just sit here for a
         13  minute.  I'm going to get off the bench here.  Y'all can sit
         14  here and maybe hammer that out because, you know, it's not --
         15  protective order's not case dispositive.  It's to protect both
         16  sides.
09:23:08 17              Okay.  All right.  Thank you.
09:23:09 18              **MR. BEGGS:**  Thank you, Judge.
09:23:10 19              **THE COURT:**  Thank y'all.
09:23:10 20              *(Proceedings concluded at 9:23 a.m.)*
         21                              -o0o-
         22              I certify that the foregoing is a correct transcript
         23  from the record of proceedings in the above matter.
         24  Date:  September 13, 2019
         25                              */s/ Heather Alcaraz*
                                         Signature of Court Reporter