UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY ALVARADO; CLARA REDMOND; TAMMY HAGA; and AMY RUMINSKI § § § §  Plaintiff, § § v. § § CLARK, LOVE & HUTSON, G.P.; § MURPHY LAW FIRM, G.P.; CLAYTON § A. CLARK; CLAYTON A. CLARK, § ESQ., PC; SCOTT A. LOVE; SCOTT A. § LOVE, PC; SHELLEY HUTSON; § HUTSON LAW FIRM, P.C.; JAMES § LEE, JR.; JAMES LEE LAW FIRM, § PC; and ERIN MURPHY, §  Defendants. § | CIVIL ACTION NO. 4:19-cv-02148  (JURY) |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify counsel who attended for each party.**

    The Rule 26(f) meeting was held by teleconference on September 20, 2019 at 10:30 a.m.

    - For Plaintiffs—James Beggs and Lynda Landers.

    - For Defendants Clark, Love & Hutson, G.P.; Clark, Love & Hutson, P.L.L.C.; Clayton A. Clark; Clayton A. Clark, ESQ., PC: Shelley Hutson; and Hutson Law Firm, P.C.—Dale Jefferson.

    - For Defendants Scott A. Love and Scott A. Love, P.C.—Billy Shepherd.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    - No. 4:19-cv-02693, *Pamela Johnson v. Clark, Love & Hutson, G.P. et al,* in the United States District Court for the Southern District of Texas, Houston Division**.** An unopposed motion to consolidate the *Johnson* case into this case is pending (Dkt. 19).

1

- No. CV51385, *Clark, Love & Hutson, G.P., et al v. Beggs Landers Law Firm, PLLC, et al*, in the 23rd Judicial District Court of Wharton County, Texas. This state court case was removed to the United States District Court for the Southern District of Texas, Houston Division, on July 10, 2019 (*see* No. 4:19-cv-02483), and remanded back to the 23rd Judicial District Court of Wharton County Texas on July 22, 2019.

3. **Briefly describe what this case is about.**

   This is a case of alleged breach of fiduciary duty, legal malpractice, fraud and fraudulent concealment. Plaintiffs are former clients of Clark Love & Hutson, G.P. who, in the underlying case(s), sought recovery from manufacturers of transvaginal mesh ("TVM") devices. Plaintiffs settled their underlying TVM claims based upon Clark Love & Hutson, G.P.'s recommendation. It is alleged that unbeknownst to Plaintiffs, hundreds, if not thousands of the TVM claimants' statute of limitation were blown and were included in the same aggregate settlements with Plaintiffs. Plaintiffs are alleging in this suit that Clark Love & Hutson, G.P. should have disclosed the fact that hundreds, if not thousands, of statutes of limitations were blown and that Plaintiffs were being included in the aggregate settlements. It is further alleged that Clark Love & Hutson, G.P. forced Plaintiffs to take the settlements by telling the Plaintiffs that if they did not accept the settlement, Clark Love & Hutson, G.P. was going to withdraw as their counsel. Plaintiffs also allege that if Clark Love & Hutson, G.P. had properly disclosed the fact that they were included in an aggregate settlement with numerous clients whose statute of limitations had been blown, and had not been forced to take the law settlements, the could have obtained a much higher recovery. Clark Love & Hutson, G.P. and the other defendants deny Plaintiff's claims.

4. **Specify the allegation of federal jurisdiction.**

   28 USC 1332(a)(1) (diversity jurisdiction).

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiffs anticipate that Archer Systems may be added as an additional party after further discovery has been conducted. Upon information and belief, Archer Systems has been actively involved as the trustee of qualified settlement funds for one or more of the name Plaintiffs. Depending on what is revealed in discovery, Defendants may need to add additional employees of Clark Love & Hutson, G.P. and Archer Systems as defendants. Defendants do not anticipate adding additional parties at this time.

7. **List anticipated interventions.**

   None.

8. **Describe class-action issues.**

   None at this time.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have not made initial disclosures. The parties agree to make initial disclosures by October 14, 2019.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

    In addition to the matters specified in sections 10(B) through 10(H) below, the parties state the following.

    - Rule 26(f)(3)(A). No changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

    - Rule 26(f)(3)(B). Discovery will be conducted not only on Plaintiffs' breach of fiduciary duty and fraud-by-nondisclosure claims in this case, but also on the nature and value of Plaintiffs' underlying TVM claims—including whether those claims were barred by the applicable statutes of limitations. Discovery will also be conducted in how aggregate settlement claimants' statute of limitations were blown at the time Plaintiffs were included in the aggregate settlement. Discovery will also be conducted on Archer Systems' involvement in its capacity as trustee of the qualified settlement funds of one or more of the Plaintiffs. Discovery will also be conducted on Defendants' affirmative defenses, including whether Plaintiffs unlawfully used and/or are using Defendants' trade secrets in the prosecution of this case.

    - Rule 26(f)(3)(C). Certain information that Plaintiffs may seek to discover is subject to protective orders and/or confidentiality agreements entered by other federal and state courts in the underlying TVM cases. These protective orders and agreements should be addressed as part of discovery in this case.

    - Rule 26(f)(3)(D). To the extent that Plaintiffs will seek to discover information about Defendants' clients other than Plaintiffs, it is Defendants' position that the information is privileged by the attorney-client privilege and/or confidential under Texas Disciplinary Rule of Professional Conduct 1.05.

- Rule 26(f)(3)(E). No changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or any local rules.

- Rule 26(f)(3)(F). The Court should consider entering a protective order regarding discovery in this case. The parties anticipate filing an agreed motion for protective order before the initial conference in the case.

B.  **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to all Defendants by November 1, 2019.

C.  **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to all Plaintiffs by November 8, 2019.

D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiffs anticipate taking the depositions of all Defendants by May 1, 2020, and taking the depositions of Defendants' experts and certain third-party witnesses by August 28, 2020. This does not preclude Plaintiffs from taking depositions of third-party witnesses before May 1, 2020.

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the depositions of all Plaintiffs by May 1, 2020, and taking the depositions of Plaintiffs' experts and certain third-party witnesses by August 28, 2020. This does not preclude Defendants from taking depositions of third-party witnesses before May 1, 2020.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs: May 15, 2020.
Defendants: June 15, 2020.

G.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiffs anticipate taking depositions of all of the Defendants' experts by August 28, 2020.

> H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**
>
> Defendants anticipate taking depositions of all of the Plaintiffs' experts by August 28, 2020.August 28

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    All parties who have appeared agree to the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

13. **State the date the planned discovery can reasonably be completed.**

    August 28, 2020.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed mediation after appropriate discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The parties have discussed mediation after appropriate discovery, and have agreed to further discuss mediation as the case progresses.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Mediation after appropriate discovery, which would be not later than August 28, 2020.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand was timely made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs: 60 hours.
    Defendants: 30 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Unopposed motion to consolidate (Dkt. 19).
    Agreed motion for protective order (to-be-filed).

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    - Because this is a legal malpractice/breach of fiduciary duty case, it involves the suit-within-a-suit causation doctrine [with respect to Plaintiffs' claims for actual damages. Because actual damages are not required for fee forfeiture or disgorgement, causation in not an element for recovery of this fiduciary breach remedy]. [The Doctrine provides that, causation is an element of the clients' claims seeking actual damages as a remedy for their fiduciary breach claims. (See *Taylor v. Alonso, Cersonsky & Garcia, P.C.*, 395 S.W.3d 178, 189 (Tex.App.—Houston [1st Dist] 2012, no pet.) ("[Suit -within-a-suit] **causation** is an element of …a **breach of fiduciary duty** claim for damages based on representation in underlying litigation.") (footnote and citations omitted); *see also Anderton v. Cawley*, 378 S.W.3d 38, 51 (Tex.App.—Dallas 2012, no pet.).

    - The underlying TVM settlement information and other underlying TVM case information are subject to protective orders entered by other federal and state courts and/or confidentiality agreements to which the underlying TVM manufacturer defendants are parties. The protective orders and confidentiality agreements should be addressed as part of discovery in this case.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    **Attorneys for Plaintiffs:**

    James M. Beggs
    Texas Bar No. 02046500
    jim@beggslaw.com
    Beggs Landers Law Firm, PLLC
    140 East Irving Boulevard
    Irving, Texas 75060
    Telephone: 972-253-8000

and
Lynda Landers
Texas Bar No. 24000145
lynda@landerslegal.com
1207 West University, Suite 102
McKinney, Texas  75069
Telephone: 972-529-5707

**Attorneys for Defendants Clark, Love & Hutson, G.P.; Clark, Love & Hutson, P.L.L.C.; Clayton A. Clark; Clayton A. Clark, ESQ., PC: Shelley Hutson; and Hutson Law Firm, P.C.:**

Dale Jefferson
Texas Bar No. 10607900
jefferson@mdjwlaw.com
Raul Suazo
Texas Bar No. 24003021
suazo@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, LLP
808 Travis Street, Suite 200
Houston, Texas 77002-5704
Telephone:  713-632-1700

**Attorneys for Defendants Scott A. Love and Scott A. Love, PC:**

Billy Shepherd
Shepherd Prewett PLLC
Texas Bar No. 18219700
bshepherd@spcounsel.com
Stephen R. Bailey
Texas Bar No. 01536660
sbailey@spcounsel.com
770 South Post Oak Lane, Suite 420
Houston, Texas 77056
Telephone No. (713) 955–4440

**Attorneys for Defendant Lee & Murphy Law Firm, G.P.; James Lee, Jr.; James Lee Law Firm, PC; and Erin Murphy:**[1]

Don Jackson
Texas Bar No. 10476000
donjackson@warejackson.com
Ware, Jackson, Lee, O'Neill, Smith & Barrow, LLP
2929 Allen Parkway, 39th Floor
Houston, Texas 77019

---

[1] The Lee Murphy Defendants have not been served.

7

Telephone: 713-659-6400
Facsimile:  713-659-6262