IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY ALVARDO, CLARA REDMOND, TAMMY HAGA, and AMY RUMINSKI | § § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO 4:19-CV-02148 |
| vs. | § § | JUDGE ANDREW S. HANEN |
| CLARK, LOVE & HUTSON, G.P., LEE & MURPHY LAW FIRM, G.P., CLAYTON A. CLARK, CLAYTON A. CLARK, ESQ., PC, SHELLY HUTSON, HUTSON LAW FIRM, P.C., JAMES LEE, JR., JAMES LEE LAW FIRM, PC, and ERIN MURPHY | § § § § § § § § | |
| Defendants. | § | |

---

## DEFENDANTS LEE MURPHY LAW FIRM, JAMES LEE, JR., JAMES LEE LAW FIRM, PC, AND ERIN MURPHY'S MOTION FOR SUMMARY JUDGMENT

---

Defendants Lee Murphy Law Firm, James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy (collectively, Lee Murphy Defendants) file this Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

### Introduction and Summary of the Argument

Plaintiffs Tammy Haga and Pamela Johnson ("Haga and Johnson"), after over a year of discovery, have failed to show any evidence of an attorney-client relationship existing between them and the Lee Murphy Defendants. This failure is critical to Haga and Johnson's claims against the Lee Murphy Defendants for breach

of fiduciary duty, fraud by non-disclosure, and legal malpractice, all of which require an attorney-client relationship to exist to move forward.  Discovery has shown only that Haga and Johnson signed employment contracts with different attorneys, paid different attorneys for their work, and most blatantly, that neither Haga nor Johnson even believe that the Lee Murphy Defendants were ever their attorneys. As discovery in this matter is now closed, the Lee Murphy Defendants' motion is ripe for adjudication.

## II.
## Undisputed Facts

### A.    Tammy Haga

In October of 2011, Plaintiff Haga signed an engagement letter with the law firms of Pulaski & Middleman, LLC ("Pulaski") and Clark, Burnett, Love & Lee G.P. ("CBLL") to represent her in litigation against American Medical Systems, Inc. (the "Haga Engagement Agreement").[1]  See Haga Engagement Agreement, attached as **Exhibit A.**

Plaintiff Haga has no memory of anyone connected with the Lee Murphy Defendants ever contacting her.  See September 2, 2020 Deposition of Tammy Haga, attached as **Exhibit D** at 73:19-22.

---

[1] Defendant James Lee, prior to forming the law firm of Lee & Murphy, LLP, was a partner at CBLL from 2006 to December 2011. See October 15, 2020 Deposition of James Lee, attached as **Exhibit B** at 13:17-14:12; 42:23-43:1. Defendant Erin Murphy, prior to forming the law firm of Lee & Murphy, LLP, was an associate at CBLL from September 2008 to December 2011. See October 14, 2020 Deposition of Erin Murphy, attached as **Exhibit C** at 11:25-12:11.

On March 1, 2015, Plaintiff Haga signed a settlement packet that included within it a "Client's Acknowledgement of Co-Counsel" in which she acknowledged that her attorneys were Clark, Love & Hutson, G.P. ("CLH") and Pulaski. See Haga Client's Acknowledgement of Co-Counsel, attached as **Exhibit E**. By signing this acknowledgment, Haga authorized that all of the attorney's fees on her settlement would be paid to two law firms,  CLH and Pulaski. *Id.*

Plaintiff Haga has admitted that she has no knowledge or evidence that the Lee Murphy Defendants were ever her lawyers and agrees that there was never an attorney-client relationship formed between her and the Lee Murphy Defendants.

> Q.     Do you agree that you have no knowledge or evidence that any of the Lee Murphy defendants ever served as your lawyers and represented you in connection with your TVM case? Is that true?
>
> A.     True.
>
> Q.     Okay. And if that is the case, you understand that there was never an attorney-client relationship formed between you and any of the Lee Murphy defendants, correct?
>
> A.     True.

See **Exhibit D** at 75:9-19 (objection omitted).

## B.     Pamela Johnson

On November 10, 2011, Plaintiff Johnson signed an engagement letter with CBLL to represent her in litigation against American Medical Systems, Inc. (the "Johnson Engagement Agreement").   See the Johnson Engagement Agreement, attached as **Exhibit F.**

Plaintiff Johnson has testified that she neither hired the Lee Murphy Defendants to represent her nor ever received any written materials from them.  See August 26, 2020 Deposition of Pamela Johnson, attached as **Exhibit G** at 24:20-25:5.

On January 15, 2015, Plaintiff Johnson signed a settlement packet that included within it a "Client's Acknowledgement of Co-Counsel" in which she acknowledged that her attorneys were CLH. See Johnson Client's Acknowledgement of Co-Counsel, attached as **Exhibit H**. This signed acknowledgment authorizes that all of the attorney's fees on Plaintiff Johnson's settlement be paid to CLH. *Id.*

Plaintiff Johnson has admitted that the Lee Murphy Defendants never represented her in any matter.

> Q.    To your knowledge, the James Lee Law Firm, PC, James Lee, Erin Murphy, and the Lee & Murphy Law Firm have never represented you in any matter, true?
> A.    True.

See **Exhibit G** at 25:15-19.

### III.
### Argument

Discovery in this matter has shown conclusively that Plaintiff Haga was represented by CLH and Pulaski and that Plaintiff Johnson was represented by CLH.

No evidence exists that the Lee Murphy Defendants represented either Haga or Johnson or that Haga or Johnson ever believed that the Lee Murphy Defendants were their attorneys.  Thus, all of Haga and Johnson's claims fail as a matter of law and should be dismissed.

## A.      Summary Judgment Standard

Summary judgment is appropriate when the movant has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the movant has met its summary judgment burden, the respondent must go beyond the pleadings and by its own evidence set forth specific facts showing there is a genuine issue for trial. *Adams v. Travelers Indent. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).  Respondents' burden is not satisfied by creating some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  If respondents' evidence is merely colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

**B.     The Lee Murphy Defendants are Entitled to Summary Judgment on all of Haga and Johnson's Claims Because They Were Not the Lee Murphy Defendants' Clients as a Matter of Law**

In this case, Plaintiffs have filed claims against the Lee Murphy Defendants for breach of fiduciary duty, fraud by non-disclosure, and legal malpractice.  All these claims depend on the existence of an attorney-client relationship between the Lee Murphy Defendants on the one hand and Plaintiffs on the other. However, such a relationship never existed, and in the alternative, Haga and Johnson have not been able to establish a genuine issue of fact with regard to such a relationship ever existing.

*1.     Breach of Fiduciary Duty (Count I)*

Under Texas law, the essential elements of a breach of fiduciary duty claim are "(1) a fiduciary relationship must exist between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Hunn v. Dan Wilson Homes, Inc*., 789 F.3d 573, 581 (5th Cir. 2015) (quoting *Graham Mortg. Corp. v. Hall*, 307 S.W.3d 472, 479 (Tex. App.—Dallas 2010, no pet.)). Haga and Johnson are unable to show any evidence, material or otherwise, in support of either element 1 or 2 above.

A breach of fiduciary duty claim depends upon the existence of a fiduciary relationship between plaintiff and defendant. *Navigant Consulting, Inc. v. Wilkinson*,

508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume,* 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). Plaintiffs have not established any such relationship existed between the Lee Murphy Defendants and themselves.

### 2.      *Fraud by Non-Disclosure (Count II)*

There are seven elements of a fraud by non-disclosure or omission claim: (1) the defendant failed to disclose facts to the plaintiff; (2) the defendant had a duty to disclose such facts; (3) the facts were material; (4) the defendant knew that the plaintiff was ignorant of the facts and did not have an equal opportunity to discover the truth; (5) the defendant was deliberately silent and failed to disclose the facts with the intent to induce the plaintiffs to take some action; (6) the plaintiff acted in reliance on the omission or concealment; and (7) the plaintiff suffered injury as a result of acting without knowledge of the undisclosed facts. *Horizon Shipbuilding, Inc. v. Blyn II Holding, LLC*, 324 S.W.3d 840, 850 (Tex. App. – Houston [14th Dist.] 2010, no pet.). Haga and Johnson are unable to show any evidence, material or otherwise, in support of element 2 above.

A fraud by non-disclosure claim requires a party to show the defendant had a duty to disclose material facts to the plaintiff. *Bradford v. Vento*, 48 S.W.3d 749, 755 (Tex. 2001); *Soluntioneers Consulting, Ltd. v. Gulf Greyhound Partners, Ltd.,* 237 S.W.3d 379, 385 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

---

Plaintiffs have not shown that the Lee Murphy Defendants had a duty to disclose material facts to them.

### 3.    *Malpractice (Count III)*

A plaintiff in a legal malpractice claim must prove the following elements: (1) that there is duty owed to the plaintiff by the defendant; (2) that the duty was breached; (3) that the breach proximately caused the plaintiff injury; and (4) that damages occurred. *Cosgrove v. Grimes*, 774 S.W.2d at 665. Haga and Johnson are unable to show any evidence, material or otherwise,  in support of element 1 above.

Plaintiffs' claims for legal malpractice depend on the existence of an attorney-client relationship which did not exist between the Lee Murphy Defendants and themselves. Under Texas law, an attorney owes a duty of care only to his or her client, not to third parties, even those who may have been damaged by the attorney's alleged conduct. *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex. 1996). Therefore, persons outside the attorney-client relationship do not have a cause of action for injuries they might sustain from the attorney's representation of his client. *Id.;* see also, *Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, writ denied) (holding non-clients generally have no cause of action against an attorney for negligent performance of legal work).

### 4.     *There was no attorney-client relationship as a matter of law*

Because the summary judgment evidence conclusively establishes the lack of an attorney-client relationship between the Lee Murphy Defendants and Haga and Johnson or, in the alternative, because Haga and Johnson have no evidence that would establish a genuine issue of fact regarding such a relationship, the Lee Murphy Defendants are entitled to summary judgment on all of Haga and Johnson's claims as a matter of law.

"The legal relationship of attorney and client is purely contractual and results from the mutual agreement and understanding of the parties concerned, based upon the clear and express agreement of the parties as to the nature of the work to be undertaken and the compensation agreed to be paid therefor." *Parker v. Carnahan,* 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, writ denied) (affirming summary judgment on malpractice claims) (emphasis added); *see also Lemaire v. Davis*, 79 S.W.3d 592, 600 (Tex. App.-- Amarillo 2002, pet. denied) (holding that the "law is well settled that an attorney-client relationship is a contractual relationship in which an attorney agrees to render professional services for a client"). It is necessary that both parties either explicitly or implicitly manifest an intention to create an attorney-client relationship. *Hill v. Bartlette*, 181 S.W.3d 541, 547 (Tex. App.--Texarkana 2005, no pet.).

First, the evidence establishes here that the Lee Murphy Defendants never

agreed to represent Haga and Johnson.

> Q.     And, to your knowledge, the James Lee Law Firm, James Lee,
>        Erin Murphy, and the Lee & Murphy Law Firm have never
>        agreed to represent you, true?
>
> A.     True.

**Exhibit G** at 25:11-14.

> Q.     Okay. So what we have seen so far in our discussion, my
>        discussion with you is that your contract at the beginning of the
>        case was with Pulaski & Middleman and Clark, Burnett, Love &
>        Lee and nobody else, correct?
>
> A.     Correct.
>
> Q.     And we saw at the end that the fee for your TVM case was
>        divided between Clark, Love & Hutson and Pulaski &
>        Middleman, correct?
>
> A.     Correct.
>
> Q.     And nobody else, right?
>
> A.     Right.

**Exhibit D** at 74:11-22.

Second, Haga and Johnson never paid the Lee Murphy Defendants for any

legal work after their cases settled.

> Q.     Yet at the end of the case we see that the fee actually was shared
>        between Clark, Love & Hutson and Pulaski & Middleman,
>        correct?
>
> A.     Correct.
>
> Q.     And not Lee Murphy Law Firm or Lee & Murphy Law Firm,
>        right?
>
> A.     Right.

> Q.     And just to make sure I have covered it all, none of the Lee Murphy defendants are shown receiving any share of the fee in your case, correct?
>
> A.     Correct.

**Exhibit D** at 62:12-22; **Exhibit E**; **Exhibit H**.

Finally, Haga and Johnson have testified that the Lee Murphy Defendants were not their attorneys and did not represent them in their mesh litigation. **Exhibit D** at 75:9-19; **Exhibit G** at 25:15-19.

Because the attorney-client relationship is contractual, the determination of the existence of a contract must be, as in any other contract case, based on an objective standard, and not on what the parties subjectively thought. *Vinson & Elkins v. Moran*, 946 S.W.2d 381, 406 (Tex. App.--Houston [14th Dist.] 1997, writ dism'd by agr.). In other words, an attorney-client relationship cannot be created merely because one party claims to have subjectively believed that the other agreed to render legal service. *Lemaire v. Davis*, 79 S.W.3d 592, 600 (Tex. App.-- Amarillo 2002, pet. denied) (holding that the "law is well settled that an attorney-client relationship is a contractual relationship in which an attorney agrees to render professional services for a client").  In *Hill v. Bartlette*, for example, the court affirmed summary judgment regarding an alleged attorney-client relationship despite the plaintiff's testimony that she believed a particular attorney was representing her. *Hill*, 181 S.W.3d at 547. The court noted that, as here, there was no evidence of any agreement

on attorneys' fees or the nature of the work to be performed and that the attorney never told the plaintiff he was her attorney. *Id.* Accordingly, "Hill's mistaken impression that Lessert was her attorney is not sufficient by itself to create an attorney-client relationship." *Id.* at 548.

The complete lack of evidence in this case of an attorney-client relationship between the Lee Murphy Defendants on the one hand and Haga and Johnson on the other is dispositive of all of Plaintiffs' claims, and summary judgment is, therefore, appropriate.

**C.   The Attached Fee Contracts Show Plaintiffs Did Not Have an Attorney-Client Relationship with the Lee Murphy Defendants**

Plaintiffs' complaints refer to "attorney-fee contracts" they "filled out" and "returned." Those contracts are central to Plaintiffs' claims because they are the basis of the Lee Murphy Defendants' alleged legal duty. The referenced contracts are attached to this motion and show the following:

- Haga signed an engagement letter in October 2011 with two law firms, Pulaski & Middleman, LLC and CBLL (**Exhibit A**);

- Johnson signed an engagement letter on November 10, 2011, with CBLL (**Exhibit F**).

Plaintiffs contracted with other attorneys, not the Lee Murphy Defendants. Therefore, their claims against the Lee Murphy Defendants fail as a matter of law.

**Conclusion**

WHEREFORE, Defendants Lee Murphy Law Firm, James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy respectfully request that summary judgment be granted in their favor in all respects and that Plaintiffs Tammy Haga and Pamela Johnson take nothing by their claims.

Respectfully submitted,

**WARE, JACKSON, LEE, O'NEILL, SMITH & BARROW, LLP**

_____/s/ Don Jackson_____
Don Jackson
State Bar No. 10476000
donjackson@warejackson.com
K. Knox "Lighthorse" Nunnally
State Bar No. 24063995
knoxnunnally@warejackson.com
Wesley A. Jackson
State Bar No. 24050811
wesjackson@warejackson.com
America Tower, 39th Floor
2929 Allen Parkway
Houston, TX 77019
713-659-6400 – Telephone
713-659-6262 – Facsimile

**ATTORNEYS FOR LEE MURPHY LAW FIRM, JAMES LEE, JR., JAMES LEE LAW FIRM, PC, AND ERIN MURPHY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December 2020, true and correct copies of the foregoing document were served on counsel of record herein pursuant to the Federal Rules of Civil Procedure.


/s/ K. Knox Nunnally
K. Knox "Lighthorse" Nunnally