UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY ALVARADO, et al. | * |
| | * |
| Plaintiffs, | * |
| | * CIVIL ACTION NO: |
| v. | * 4:19-cv-02148 |
| | * |
| CLARK, LOVE & HUTSON, GP, et al. | *         (JURY) |
| | * |
| Defendants. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL AND VIDEOTAPED DEPOSITION OF
TAMMY HAGA
SEPTEMBER 2, 2020
VOLUME 2

REPORTED REMOTELY DUE TO THE COVID-19 STATE OF DISASTER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL AND VIDEOTAPED DEPOSITION of TAMMY HAGA, Volume 2, produced as a witness at the instance of the Defendants Clark, Love & Hutson; Clayton A. Clark; Clayton A. Clark, Esquire, P.C.; Shelley Hutson and Hutson Law Firm, P.C., and duly sworn, was taken in the above-styled and numbered cause on September 2, 2020, from 8:56 a.m. to 11:25 a.m.  before Constance Koenig, RMR and CSR No. 6577 in and for the State of Texas, reported by stenographic method in Houston, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record attached hereto.

HANNA & HANNA, INC.
713.840.8484

**EXHIBIT D**

```
 1                      APPEARANCES:
 2
 3   FOR THE PLAINTIFFS:
         James M. Beggs (Via videoconference)
 4       BEGGS LANDERS LAW FIRM, PLLC
         140 East Irving Boulevard
 5       Irving, Texas 75060
         Tel:  972.253.8000
 6       jim@beggslaw.com
 7       Lynda Landers (Via videoconference)
         BEGGS LANDERS LAW FIRM, PLLC
 8       1207 West University
         Suite 102
 9       McKinney, Texas 75069
         Tel:  972.301.8324
10       lynda@beggslanderslaw.com
11
12   FOR THE DEFENDANTS SCOTT A. LOVE and SCOTT A. LOVE, P.C.:
         Billy Shepherd (Via videoconference)
13       SHEPHERD PREWETT, PLLC
         770 South Post Oak Lane
14       Suite 420
         Houston, Texas 77056
15       Tel:  713.955.4440
         bshepherd@spcounsel.com
16
17
     FOR THE DEFENDANTS CLARK, LOVE & HUTSON, G.P., CLAYTON
18   A. CLARK; CLAYTON A. CLARK, ESQUIRE, PC.; SHELLEY HUTSON
     AND HUTSON LAW FIRM, P.C.
19       Dale Jefferson (Via videoconference)
         MARTIN, DISIERE, JEFFERSON & WISDOM
20       Niels Esperson Building
         808 Travis
21       Suite 1100
         Houston, Texas 77002
22       Tel:  713.632.1700
         jefferson@mdjwlaw.com
23
24
25
```

**EXHIBIT D**

```
 1    FOR THE DEFENDANTS JAMES LEE, JR., JAMES LEE LAW FIRM,
      P.C., and ERIN MURPHY:
 2         Don Jackson (Via videoconference)
           WARE JACKSON LEE O'NEILL SMITH BARROW, LLP
 3         America Tower, 39th Floor
           2929 Allen Parkway
 4         Houston, Texas 77019
           Tel:  713.659.6400
 5         donjackson@warejackson.com

 6
      ALSO PRESENT:
 7
           Sam Among, Videographer, Exhibit Tech (Via
 8              videoconference)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**EXHIBIT D**

```
 1        Q.   That's what it shows here, correct?
 2        A.   Correct.
 3        Q.   And while you may not remember it now, you
 4   would have read this document before you signed it at
 5   the time, correct?
 6        A.   Correct.
 7        Q.   Okay.  So we have seen that at the beginning
 8   you agreed to share the fee or you agreed that -- that
 9   counsel for your case would be Clark, Burnett, Love &
10   Lee and Pulaski & Middleman, correct?
11        A.   Correct.
12        Q.   Yet at the end of the case we see that the fee
13   actually was shared between Clark, Love & Hutson and
14   Pulaski & Middleman, correct?
15        A.   Correct.
16        Q.   And not Lee Murphy Law Firm or Lee & Murphy Law
17   Firm, right?
18        A.   Right.
19        Q.   And just to make sure I have covered it all,
20   none of the Lee Murphy defendants are shown receiving
21   any share of the fee in your case, correct?
22        A.   Correct.
23        Q.   And do you have any evidence of -- of any kind
24   that you can tell me about or point me to that would
25   indicate that any of the Lee Murphy defendants received
```

**EXHIBIT D**

1     Q.  All right.  And I want to focus on the bold
2  sentence in the middle of the paragraph.  It states,
3  "Unless Clark, Love & Hutson or Lee Murphy Law Firm
4  calls you, please do not provide any personal
5  information to people you do not know."
6           Did I read that correctly?
7     A.  Yes.
8     Q.  And, again, that may be a place where you saw
9  the name Lee Murphy Law Firm in connection with your TVM
10 case.
11          And you -- you did read this letter,
12 correct?
13    A.  Correct.
14    Q.  When you read that bolded sentence, did it
15 cause you to make any follow-up or any inquiry to find
16 out why Lee Murphy Law Firm was mentioned in that
17 sentence?
18    A.  No.
19    Q.  Did anybody connected with any of the Lee
20 Murphy defendants ever contact you with respect to your
21 TVM case?
22    A.  Not that I recall.
23    Q.  Okay.  Do you have any evidence to suggest one
24 way or another whether this statement that we just read
25 is simply a mistake made by Mr. Moreland?

```
 1              MR. BEGGS:  Objection; form, speculation.
 2       A.   Could you rephrase that again?  I'm sorry.
 3       Q.   (BY MR. JACKSON)  Yeah.  I'll try to ask it
 4  better.
 5              Do you have any evidence one way or the
 6  other to suggest that Mr. Moreland's statement here
 7  concerning the Lee Murphy Law Firm contacting you about
 8  your case is -- is a mistake or just -- or is not a
 9  mistake, or you don't have any evidence either way?
10       A.   I don't -- I don't have no evidence either way.
11       Q.   Okay.  So what we have seen so far in our
12  discussion, my discussion with you is that your contract
13  at the beginning of the case was with Pulaski &
14  Middleman and Clark, Burnett, Love & Lee and nobody
15  else, correct?
16       A.   Correct.
17       Q.   And we saw at the end that the fee for your TVM
18  case was divided between Clark, Love & Hutson and
19  Pulaski & Middleman, correct?
20       A.   Correct.
21       Q.   And nobody else, right?
22       A.   Right.
23       Q.   And we have seen some mentions in some status
24  letters of the Lee Murphy Law Firm -- and I don't know
25  if I found them all or not -- but having reviewed this
```

```
 1   information, can you give me any further indication,
 2   evidence or reason to believe that Lee Murphy Law Firm
 3   or the Lee & Murphy Law Firm ever represented you in
 4   connection with your TVM case?
 5        A.   No.
 6        Q.   You understand that and assume with me that
 7   none of the Lee Murphy defendants -- strike that.
 8        A.   Okay.
 9        Q.   Do you agree that you have no knowledge or
10   evidence that any of the Lee Murphy defendants ever
11   served as your lawyers and represented you in connection
12   with your TVM case?  Is that true?
13        A.   True.
14        Q.   Okay.  And if that is the case, you understand
15   that there was never an attorney-client relationship
16   formed between you and any of the Lee Murphy defendants,
17   correct?
18             MR. BEGGS:  Objection; form.
19        A.   True.
20        Q.   (BY MR. JACKSON)  And if no attorney-client
21   relationship was formed, you understand that the Lee
22   Murphy defendants would have never had a fiduciary duty
23   to you?
24             MR. BEGGS:  Objection; form.
25        A.   Correct.
```

```
 1                    REPORTER'S CERTIFICATION
 2          ORAL AND VIDEOTAPED DEPOSITION OF TAMMY HAGA
 3                       SEPTEMBER 2, 2020
 4                           VOLUME 2
 5
 6    REPORTED REMOTELY DUE TO THE COVID-19 STATE OF DISASTER
 7
 8           I, CONSTANCE KOENIG, Certified Shorthand
 9    Reporter in and for the State of Texas, hereby certify
10    to the following:
11           That the witness, TAMMY HAGA, VOLUME 2 was
12    duly sworn by the officer and that the transcript
13    of the oral deposition is a true record of the testimony
14    given by the witness;
15           That the original deposition was delivered to
16    Dale Jefferson;
17           That a copy of this certificate was served on
18    all parties and/or the witness shown herein on
19    __September 15, 2020_____.
20           I further certify that pursuant to FRCP No.
21    30(f)(i) that the signature of the deponent was not
22    requested by the deponent or a party before the
23    completion of the deposition.
24           I further certify that I am neither counsel
25    for, related to, nor employed by any of the parties in
```

**EXHIBIT D**

1  the action in which this proceeding was taken, and
2  further that I am not financially or otherwise
3  interested in the outcome of the action.
4          Certified to by me this 15th day of September,
5   2020.

              *Constance Koenig* (signature)
              CONSTANCE KOENIG, CSR, RPR
              CSR NO. 6577; Expiration: 01-31-2021
              Hanna & Hanna, Inc.
              CRF - 10434 - Expiration:  10-31-2022
              8582 Katy Freeway, Suite 105
              Houston, Texas 77024
              713-840-8484 - 713-583-2442
              www.hannareporting.com