# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TAMMY ALVARADO, CLARA REDMOND, TAMMY HAGA, and AMY RUMINSKI, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 4:19-CV-02148[1]<br>) |
| v. | ) (JURY)<br>) |
| CLARK, LOVE & HUTSON, G.P., LEE & MURPHY LAW FIRM, G.P., CLAYTON A. CLARK, CLAYTON A. CLARK, ESQ., PC, SCOTT A. LOVE, SCOTT A. LOVE, PC, SHELLEY HUTSON, HUTSON LAW FIRM, PC, JAMES LEE, JR., JAMES LEE LAW FIRM, PC, AND ERIN MURPHY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' PRETRIAL ORDER

Pursuant to Rule 16.4 of the Local Rules of the Southern District of Texas and the Court's Docket Control Order (Dkt. 89) dated November 16, 2020, Defendants Clark Love & Huston, G.P. Lee & Murphy Law Firm, GP, Clayton A. Clark, Clayton A. Clark, Esq., PC, Scott A. Love, Scott A. Love, PC, Shelley Hutson, Hutson Law Firm, PC, James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy file this Pretrial Order. *The Plaintiffs' submissions are not included in this filing because the Plaintiffs have failed to provide the Defendants with all of their pre-trial submissions and have failed to confirm that the draft submissions that they have provided are in final form.*

---

[1] On October 17, 2019, the Court consolidated into this case another case styled as Cause No. 4:19-CV-02693; *Pamela Johnson v. Clark Love & Hutson, GP, et. al.*, In the United States District Court for the Southern District of Texas. *See, Dkt. 33.*

# I.
# APPEARANCE OF COUNSEL

**Plaintiffs:** Tammy Alvarado, Clara Redmond, Tammy Haga, Amy Ruminski, and Pamela Johnson:

    George Meredith Bishop
    Texas Bar No. 02353000
    George_bishop@sbcglobal.net
    4191 FM 1155 South
    Chappell Hill, TX 77416
    (713) 305-5510
    *Pending Pro Hac Admission and Substitution of Counsel

    B. Ward Maedgen*
    Law Office of B. Ward Maedgen, PC
    Texas Bar No. 00794211
    8144 Walnut Hill Lane, Suite 1080
    Dallas, TX 75231
    (214) 651-4288; Facsimile (214) 747-1825
    *Pending Pro Hac Admission and Substitution of Counsel

    James M. Beggs
    Texas Bar No. 02046500
    jim@beggslaw.com
    140 East Irving Boulevard
    Irving, Texas 75060
    (972) 253-8000; Facsimile (972) 253-9000
    *Outgoing counsel pending Substitution of Counsel

    Lynda Landers
    Texas Bar No. 24000145
    linda@beggslanderslaw.com
    1207 West University, Suite 102
    McKinney, TX 75069
    (972) 529-5707); Facsimile (972) 529-6708
    *Outgoing counsel pending Substitution of Counsel

**CLH Firm Defendants:** Clark Love & Huston, G.P., Clayton A. Clark, Clayton A. Clark, Esq., PC, Shelley Hutson, and Hutson Law Firm, PC,

>Dale Jefferson
>Federal ID No. 9116
>Texas Bar No. 10607900
>jefferson@mdjwlaw.com
>Raul H. Suazo
>Federal ID No. 22844
>Texas Bar No. 24003021
>suazo@mdjwlaw.com
>MARTIN, DISIERE, JEFFERSON & WISDOM, LLP
>808 Travis Street, Suite 1100
>Houston, Texas 77002
>Telephone: (713) 632-1700; Facsimile: (713) 222-0101

**Love Defendants:** Scott A. Love and Scott A. Love, PC.[2]

>Billy Shepherd
>Federal ID No. 10666
>Texas Bar No. 18219700
>bshepherd@spcounsel.com
>SHEPHERD PREWETT PLLC
>770 South Post Oak Lane, Suite 420
>Houston, Texas 77056
>Telephone No. (713) 955-4440; Facsimile No. (713) 766-6542

**Lee Murphy Defendants:** Lee & Murphy Law Firm, G.P., James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy.

>Don Jackson
>Federal ID No. 6915
>Texas Bar No. 10476000
>donjackson@warejackson.com
>K. Knox "Lighthorse" Nunnally
>Federal ID No. 1419997
>Texas Bar No. 24063995
>knoxnunnally@warejackson.com
>America Tower, 39th Floor
>2929 Allen Parkway
>Houston, TX 77019
>Telephone No. (713) 659-6400; Facsimile No. (713) 659-6262

**II.**

---

[2]   The CLH Firm Defendants and Love Defendants are hereafter referred to as the CLH Defendants.

## DEFENDANTS' STATEMENT OF THE CASE

This case involves allegations of legal malpractice where Plaintiffs have admitted to a lack of causation and further have no competent expert testimony as required under Texas law. Plaintiffs were clients of the CLH Defendants in underlying mass tort litigation involving claims against the manufacturers of transvaginal mesh devices (TVM). Some, but not all of the Plaintiffs, were clients of the Lee Murphy Defendants in the TVM litigation. Plaintiffs claim that the CLH Defendants and Lee Murphy Defendants committed legal malpractice and breached a fiduciary duty in the handling of the underlying TVM case. According to Plaintiffs, the CLH Defendants and Lee Murphy Defendants purportedly allowed the limitations period on their underlying TVM claims to lapse and then did not disclose that the claims were time barred. The CLH Defendants and Lee Murphy Defendants disagree. The CLH and Lee Murphy Defendants all assert that (1) the underlying TVM cases were appropriately handled, (2) the claims were not barred by the statute of limitations under the discovery rule, the *American Pipe* tolling doctrine, and various rules under the applicable state laws that separately applied to each Plaintiff's claim, (3) there was never any rulings that their claims or the claims of anyone else that the CLH Defendants and Lee Murphy Defendants represented in TVM were barred by the statute of limitations, (4) the cases settled for an amount that was independently determined to be a fair and reasonable amount by a Court-Appointed Special Master and independent Settlement Court presiding over fairness hearings, (5) after full disclosure of material facts, each Plaintiff herein signed many documents approving the settlement, (6) Plaintiffs have conceded that even if there was a lapse in the statute of limitations it did not impact the value of their settlements, and (7) Plaintiffs do not have competent testimony from a qualified expert witness regarding either the standard of care or case within a case causation. While there are other defenses, this largely encapsulates the nature of the case. All Defendants

filed a motion for summary judgment on all causes of action. By their response, Plaintiffs abandoned all of their claims except as to the allegedly "blown" statute of limitations.

## III.
## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiffs and Defendants and the amount in controversy is alleged to exceed the sum of seventh-five thousand dollars ($75,000.00), exclusive of interests and costs.

## IV.
## MOTIONS

The following motions remain pending before this Court having previously been filed in this matter:

1. The CLH Defendants' Motion for Summary Judgment filed Under Seal (Dkt. 95);

2. Defendants Lee Murphy Law Firm, James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy's Motion for Summary Judgment (Dkt 96);

3. Lee Murphy Defendants' Motion for Summary Judgment and Joinder With CLH Defendants' Motion for Summary Judgment (Dkt. 98);

4. The CLH Defendants' Motion in Limine/Order (Dkt 118);

5. The CLH Defendants' Motion to Bifurcate Trial (Dkt. 119);

6. Defendants Lee Murphy Law Firm, James Lee, Jr., James Lee Law Firm, PC, and Erin Murphy's Motion in Limine and Order (Dkt 122); and

7. Plaintiffs' Motion for Substitution of Counsel (Dkt 129).[3]

---

[3] Defendants will not object to Plaintiffs' Motion for Substitution of Counsel provided that (1) Plaintiffs' new lawyer's representations to Defendants' counsel that the change in attorneys will not be used as a basis for a trial continuance is true, and (2) the substitution is not utilized as an excuse for Plaintiffs' ongoing non-compliance with two orders of the Court, which must be rectified prior to trial. First, on June 1, 2020, this Court ordered that the requesting party would bear the cost of production and that the parties were to agree on a reasonable cost per page. The parties agreed to four cents per page. Plaintiffs have yet to pay Defendants for approximately 528,882 pages of records. Second, on October 8, 2020, the Court ordered Plaintiffs and their counsel to produce all of their communications with attorney Steven Caplan. Neither Plaintiffs nor their counsel have done so. Therefore, Defendants will not object to a substitution of counsel provided that these court ordered obligations are cured by Plaintiffs and their new counsel prior to the pretrial conference scheduled for April 26, 2021.

# V.
# DEFENDANTS' CONTENTIONS

**The CLH Defendant's Contentions**

The CLH Defendants have extensively briefed their contentions in *The CLH Defendants' Motion for Summary Judgment* filed Under Seal (Dkt. 95). Therefore, the CLH Defendants give only a brief recitation of their contentions and incorporate by reference the contentions found in the summary judgment motion.

Specifically, the CLH Defendants represented each of the Plaintiffs in prosecuting TVM claims against various manufacturing defendants. The Plaintiffs had claims against varying manufacturing defendants. Tammy Alvarado had claims against Bard; Amy Ruminski had claims against Boston Scientific; Clara Redmond had claims against Ethicon; Tammy Haga and Pamela Johnson had claims against American Medical Systems.

Each of the Plaintiffs hired CLH in late 2011 to pursue claims against their respective TVM manufacturer. Shortly after these Plaintiffs (and other mass tort claimants) hired CLH to pursue claims, there were several class actions opened. Those class actions included the following:

- *Thompson, et. al. v. Boston Scientific, Corp. et. al.*, No. 12-cv-10724 (Chan. Ct. Rhea Cnty. Tenn.), filed July 12, 2012 on behalf of all individuals in the United States who were implanted with one of Boston Scientific's TVM pelvic repair products, and dismissed without a ruling on class certification on October 29, 2018;

- *Byers, et. al v. Ethicon, Inc., et. al.*, No. 12-ch-1140-3; (S.D. W.Va. May 24, 2019), filed July 13, 2012 on behalf of all individuals in the United States who were implanted with one of Ethicon's TVM pelvic repair products and dismissed without a ruling on class certification on May 24, 2019;

- *Lucas, et. al. v. American Med. Sys., Inc., et. al.*, Cause No. 12-c-100 (Cir. Ct. Brook County W. Va.), filed July 20, 2012 on behalf of all individuals in the United States who were implanted with one of AMS's TVM pelvic repair products, and dismissed without a ruling on class certification on September 27, 2016; and

- *Barnes, et. al. v. C.R. Bard, Inc., et. al.*, No. 12-cv-989 (Chan. Ct. Rutherford Cnty. Tenn.), filed October 4, 2012 on behalf of all individuals in the United States who

were implanted with one of Bard's TVM pelvic repair products, and dismissed without a ruling on class certification on July 5, 2018.

The existence of those proceedings, as more fully explained below, tolled the running of the statute of limitations for each Plaintiff under the United States Supreme Court's *American Pipe* tolling doctrine.[4] Each of these cases would remain pending until after each of the Plaintiff's underlying TVM claims were settled.

Meanwhile, given the number of claims that were being filed, the United States Judicial Panel on Multidistrict Litigation ("MDL Panel") established federal MDL proceedings beginning with Bard on October 12, 2010 and separately with BSC, Ethicon, and AMS on February 7, 2012. The Panel consolidated each of the MDLs for pretrial purposes pursuant to 28 U.S.C. § 1407 and assigned each to the Honorable Joseph R. Goodwin in the United States District Court for the Southern District of West Virginia. Judge Goodwin issued many rulings in presiding over the TVM MDL. However, he issued not one ruling stating that the claims of any CLH client were barred by any statute of limitations.

CLH began prosecuting claims against the various manufacturing defendants. Ultimately, each of the TVM defendants against which these Plaintiffs had claims decided to settle. AMS, which was subject to claims by Haga and Johnson, entered into a tolling agreement on March 6, 2014 and a Master Settlement Agreement on June 12, 2014. BSC, which was subject to claims by Ruminski, entered into a tolling agreement and a Master Settlement Agreement on June 17, 2015. Ethicon, which was subject to claims by Redmond, entered into a tolling agreement and a Master Settlement Agreement on October 27, 2015. And Bard, which was subject to claims by Ms. Alvarado, entered into a tolling agreement and a Master Settlement Agreement on September 2, 2015.

---

[4] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.ed.2d 713 (1974).

Because each of the manufacturing defendants had agreed to an aggregate settlement amount, Plaintiffs were first advised of the opportunity to participate in the settlement process. After full disclosure of the facts, each of the Plaintiffs agreed to so participate. Thereafter, an independent settlement administration proceeding was opened in a Texas state district Court. This Settlement Court appointed a Special Master to evaluate the settlement, review key records such as medical documents, assess the claims of the participants, and propose an objective formula that would arrange at an apportionment and a minimum settlement amount. Each Special Master wrote the settlement participants (including Plaintiffs) to fully disclose the upcoming process. Then, once the Special Master developed an objectively fair settlement amount in his view, the minimum settlement amount and a detailed disclosure letter were presented to the Settlement Court for approval. The Settlement Court approved the proposed settlement amounts as fair and approved the disclosure letter as complying with all obligations surrounding an aggregate settlement. A disclosure letter was then sent to each of the Plaintiffs, who all signed multiple documents approving their recoveries. Once the monies were ready for disbursement by an independent trustee, each of the Plaintiffs against signed multiple documents acknowledging their approval of the settlement and disbursements.

There was no complaint about the settlements until Plaintiffs' counsel began to unlawfully solicit settlement participants to sue the CLH and Lee Murphy Defendants. The tactics involved an illicit multi-state scheme to deceptively solicit these clients who had expressed no previous dissatisfaction. A trial court ordered Plaintiff's counsel to cease the unlawful solicitations, and that ruling was recently upheld by the Corpus Christi Court of Appeals.[5]

---

[5]  *See, Beggs v. Clark, Love & Huston, PLLC*, 2020 WL 7393431 (Tex.App.—Corpus Christi 2020, n.p.h.).

Nonetheless, Plaintiffs proceeded with allegations in this lawsuit that were misguided in many ways. For example, Plaintiffs asserted that CLH blew each of their statute of limitations and then breached a fiduciary duty by failing to disclose the issue. However, none of the limitations periods were missed. First, the *American Pipe* tolling doctrine stayed the running of each of their limitations periods, an argument that CLH made in successfully fending off a limitations argument by a TVM manufacturing defendant. Second, there was never any court ruling that any of Plaintiffs' (or another TVM client of the CLH Defendants) was barred by limitations. Third, the discovery rule precluded the running of the statute of limitations in any event for at least the following reasons:

- Tammy Haga's mesh device was not evaluated for defectiveness until March 7, 2012, and until then, Ms. Haga had no idea if the mesh was defective. Within two years from that date, CLH had entered into a tolling agreement. This was timely under Indiana and Delaware's two-year statute of limitations and Minnesota's six-year limitations period, all of which apply the discovery rule.

- Though Ms. Johnson hired CLH on November 10, 2011, she was not receiving medical treatment at that time, did not know if her TVM device was defective then, and then say a doctor on January 30, 2013 who recommended its removal. CLH entered into a tolling agreement with AMS on March 6, 2014. This was timely under California and Delaware's two-year statute of limitations and Minnesota's six-year limitations period, all of which apply the discovery rule.

- Today, Ms. Ruminski does not know if her TVM device is defective, and no physician has recommended its removal. CLH entered into a tolling agreement with Boston Scientific on June 17, 2015. The claims are timely under Massachusetts' three-year statute of limitations, which applies the discovery rule.

- On November 30, 2012, Ms. Redmond discovered for the first time that a fragment of 1-centimeter of the mesh had eroded off the remainder of the product. She had never been told before by a medical provider that the mesh was defective. CLH filed suit for Ms. Redmond in New Jersey on January 28, 2014. It was within New Jersey's two-year statute of limitations, both of which apply the discovery rule.

- On November 21, 2013, Ms. Alvarado underwent a sling revision. When it did not correct the problem, she was told that the TVM device was defective. CLH entered into a tolling agreement with Bard on September 2, 2015. The claims were timely

under New Jersey and California's two-year statute of limitations, both of which apply the discover rule.

But even assuming there was a missed statute of limitations (which there was not), that *American Pipe* tolling did not apply, that there was an actual ruling by and MDL Court dismissing one of their claims, and that the discovery rule did not apply, there remains no causation of damages. Plaintiffs each admitted in interrogatory answers that any alleged limitations issue had no impact on their settlement amounts:

**INTERROGATORY NO. 4:**

Based on your contention that your claim was barred by the statute of limitations at the time of the TVM settlement, do you assert that you received less money on your TVM settlement than you would otherwise have received? If so, then please identify the following: (a) the amount that you contend you would have received but for the limitations issue, (b) the date you discovered you received less money because of the limitations issue, (c) the source of the information describing that you received less money because of the limitations issue, and (d) the information on which you predicate your contention that the underlying TVM manufacturer defendants discounted your settlement recovery based on a limitations issue.

**ANSWER:** I believe I should have received more money for my injuries. I do not know how much a judge or jury would have awarded me for the injuries I have but I was not given the option to pursue a claim in court. I do not recall the specific date that I learned from my lawyers that I might have been entitled to more money. ***I am not making a contention that a TVM manufacturer discounted my settlement. My contention is that I should have been given the option of participating in litigation and not forced into taking a low settlement for my injuries.***

Having admitted away any claim that they received less of a settlement because of any alleged mishandling, the Plaintiffs argued merely that the crux of their case is that they should have gone to trial where they would have gotten more money. But the Plaintiffs have no expert to testify that they would have prevailed in their underlying cases at trial, when they would have gone to trial, or whether the amounts of the settlement were so unreasonable that no reasonable attorney would have pursued settlement at the amounts at issue. In fact, Plaintiffs only lawyer expert

testified that he is not an expert in TVM cases or even general product liability or latent injury cases. He also testified *that he doesn't have the information necessary to opine that any of Plaintiffs would have received a greater recovery had CLH done anything differently*. The lack of an expert is fatal to Plaintiffs' claims. They need both scientific/medical and legal expert testimony to establish that they would not only have prevailed in the underlying case at trial, but also that they would have recovered and collected a judgment of a particular amount.[6]

There are many more arguments, but to summarize, CLH Defendants contend that Plaintiffs are entitled to no recovery because of the following: (1) the CLH Defendants did not breach the standard of care because Plaintiffs' underlying claims were not barred by the statute of limitations, (2) even if the claims were barred by the statute of limitations, it did not cause any damages, (3) Plaintiffs have no experts as required under Texas law to establish that their settlements were inadequate or that they would have received and collected more had they gone to trial, (4) Plaintiffs are impermissibly fracturing what is a "blown limitations" case into a breach of fiduciary duty claim, a tactic that Texas law disallows, (5) the CLH Defendants did not violate the aggregate settlement rule and instead complied with the mandates of an independent settlement administration court and the guidance of ethics experts, (6) the claims involve collateral attacks on judgments by the settlement court, and (7) the claims otherwise lack merit as more full explained in the CLH Defendants' Motion for Summary Judgment (Dkt. 95).

**The Lee Murphy Defendants' Contentions**

The Lee Murphy Defendants adopt and reiterate the CLH Defendants' contentions. However, the Lee Murphy Defendants further assert that they never represented Tammy Haga or Pamela Johnson. The Lee Murphy Defendants also contend that they were not responsible for

---

[6] *Alexander*, 146 S.W.3d at 119-20; *Hoover v. Larkin*, 196 S.W.3d 227, 231 (Tex.App.—Houston [1st Dist.] 2006, pet. denied).

calculating and compliance with limitations deadlines. The Lee Murphy Defendants also contend that they only received payment for legal work provided to Plaintiff Clara Redmond ($3,322.78). This all provides additional grounds for dismissal.

## VI.
## DEFENDANTS' ADMISSIONS OF FACT

**CLH Defendants' Admissions of Fact**

The CLH Defendants admit the following facts for purposes of expediting the any trial that may take place in this matter:

1. The CLH Defendants are attorneys and/or law firms licensed to practice in Texas with principal offices in Texas.

2. The CLH Defendants represented each of the Plaintiffs.

3. The CLH Defendants garnered settlements for each of the Plaintiffs in underlying TVM litigation.

4. The amounts of the settlements were approved by Special Masters and a Settlement Court and determined by each of them to be fair and reasonable.

5. The Plaintiffs each approved of their settlements after full disclosure of the facts.

6. In addition to the above admissions of fact, Plaintiffs pleaded 188 paragraphs of allegations over 51 pages. In response, the CLH Defendants admitted certain facts in the process of answering the lawsuit. The CLH Defendants stand by their admissions as to those certain facts contained in their answers to the Second Amended Complaint (Dkt 58, 59, 60, and 61).

**Lee Murphy Defendants' Admissions of Fact**

The Lee Murphy Defendants agree with the CLH Defendants' Admissions of Fact, and in addition adds the following:

1. The law firms and attorneys who represented Defendants received a 40% contingent fee from each of the amounts awarded to the Plaintiffs (the "Fee").

2. Of the Fee for Plaintiff Tammy Alvarado, Clark, Love & Hutson received 85% and Lee Murphy 15%.

3. Of the Fee for Plaintiff Clara Redmond, Clark Love & Hutson received 42.50%, Lee Murphy received 15%, and Burnett Law Firm received 42.50%.

4. Of the Fee for Plaintiff Tammy Haga, Clark, Love & Hutson received 75% and Pulaski & Middleman, LLC received 15%.

5. Of the Fee for Plaintiff Amy Ruminski, Clark, Love & Hutson received 85% and Lee Murphy received 15%. Of the Fee for Plaintiff Pamela Johnson, Clark, Love & Hutson received 100%.

## VII.
## DEFENDANTS' SUBMISSION OF CONTESTED ISSUES OF FACT

**CLH Defendants' Submission of Contested Issues of Fact**

1. Whether Plaintiffs can establish that Defendants breached any duty of ordinary care (legal malpractice/negligence)?

2. Whether Plaintiffs can establish that any alleged breach of the duty of ordinary care by Defendants caused damages to any of the Plaintiffs?

3. Whether Plaintiffs can fracture a legal malpractice/negligence claim into separate claims for breach of fiduciary duty and fraud by nondisclosure?

4. Assuming *arguendo* that Plaintiffs can properly assert a breach of fiduciary duty claim, whether Plaintiffs can base the claim (or any other claim) on an alleged violation of a Disciplinary Rule?

5. Assuming *arguendo* that Plaintiffs can properly assert a breach of fiduciary duty claim, whether the evidence supports a claim that CLH breached a fiduciary duty?

6. Assuming *arguendo* that Plaintiffs can properly assert a breach of fiduciary duty claim, whether Plaintiffs can establish that any alleged breach of fiduciary duty by CLH caused damages to any of the Plaintiffs?

7. Assuming *arguendo* that Plaintiffs can properly assert a breach of fiduciary duty claim, whether Plaintiffs can establish that the alleged breach was "clear and serious" and that they are entitled to fee forfeiture?

8. Assuming *arguendo* that Plaintiffs can properly assert a fraud by nondisclosure claim, whether Plaintiffs can establish that CLH committed fraud by nondisclosure, including by deliberately failing to disclose material facts to Plaintiffs?

9. Assuming *arguendo* that Plaintiffs can properly assert a fraud by nondisclosure claim, whether Plaintiffs can establish that any alleged deliberate nondisclosure of material facts by CLH caused damages to any of the Plaintiffs?

10. Whether Plaintiffs' claims are an impermissible collateral attack on the orders and final judgments of the Settlement Court regarding the fairness of Plaintiffs' settlement amounts and the adequacy of CLH's settlement disclosures?

11. Whether Plaintiffs can present evidence of each challenged element of each of their causes of action that is sufficient to establish liability on Defendants?

12. Whether Plaintiffs can prove their case within a case requirement given that their sole expert admitted that he is not providing expert testimony on that subject?

13. Whether Mark Ticer is qualified to testify as an expert on any subject for Plaintiffs?

14. Whether Mark Ticer has reliable methodology for purposes of rendering expert opinions on the standard of care and causation?

**Lee Murphy Defendants Submission of Contested Issues of Fact**

The Lee Murphy Defendants agree with the CLH Submission of Contested Issues of Fact but adds that an issue is whether it represented all the Plaintiffs.

## VIII.
## DEFENDANTS' AGREED PROPOSITIONS OF LAW

Plaintiffs have offered no input into this portion of the document despite having been asked to do so. However, based on summary judgment briefings, Defendants can recite what they believe are agreed propositions of law. First, Defendants acknowledge that they owed a fiduciary duty to Plaintiffs, which would include a duty of loyalty and duty of care, in regard to matters within the scope of the representation. Defendants further agree that if the Plaintiffs have a breach of fiduciary duty claim (and they do not because they have improperly fractured a negligence claim into multiple causes of action), and if a clear and serious breach of fiduciary duty were to be found, the Court (but not the jury) may consider whether fee forfeiture would be appropriate to the extent such claims have not been abandoned by Plaintiff. Plaintiffs also appear to agree that competent

expert testimony is needed to establish the standard of care and causation in legal malpractice and breach of fiduciary duty cases.

## IX.
## CONTESTED PROPOSITIONS OF LAW

Plaintiffs have identified, at least preliminarilty, two contested propositions of law that Plaintiffs contend are applicable to this case. They are as follows:

1. Whether or not the cases of each Plaintiff were barred by the applicable statute of limitations at the time the Plaintiffs were advised that their cases had been settled.

2. Whether or not the filing of state court class actions tolled the applicable statute of limitations which applied to each Plaintiff in this case.

Defendants elaborate that it appears Plaintiffs are disputing whether the *American Pipe* tolling doctrine applied to the underlying claims. Plaintiffs also seem to dispute (or at least have not commented on) which states' limitations law would apply to the underlying TVM claims, and how that state would apply the discovery rule or other tolling doctrines. As for purely legal propositions, Defendants contest any legal viability of the breach of fiduciary duty claim under the impermissible fracturing doctrine, that Plaintiffs are entitled to any fee forfeiture or disgorgement, that Plaintiffs have come forward with qualified expert testimony, and that Plaintiffs have met any of their burdens in regard to any of their claims.

## X.
## EXHIBITS

Defendants' Exhibit List is attached hereto as Exhibit 1.

## XI.
## WITNESS LIST

Defendants' Witness List is attached as Exhibit 2.

## XII.
## SETTLEMENT

The case cannot be settled, and it will have to be tried if not resolved by summary judgment because Defendants contend that the case is frivolous. Additionally, counsel for Plaintiffs purport to represent at least 12 or more other former clients but have refused to provide a full list or definitive head count.

## XIII.
## TRIAL

A. The probable length of trial is ten days.

B. Logistical problems, including availability of witnesses:

None for the Defendants.

## XIV.
## ATTACHMENTS

The following are attachments to this Joint Pre-Trial Order as submitted by Plaintiffs and Defendants: (1) Defendants' Exhibit List, (2) Defendants' Witness List, (3) Defendants' Proposed Charge and Jury Instructions, and (4) Defendants' Propose Voir Dire Questions. Defendants are not submitting an additional trial memorandum, but instead incorporate by reference their Motions for Summary Judgment (Dkt 95, 96, and 98) and their motions in limine and supporting brief(Dkt. 118, 120, 122, and 123). Plaintiffs incorporate their summary judgment briefing as the trial memorandum (Dkt. 105).

Date: _____   _____
                                         UNITED STATES DISTRICT JUDGE

Approved:

Date: _____4-2-21_____   _____*/s/ Dale Jefferson*_____
                                         Attorney-in-Charge, CLH Firm Defendants

-17-

Date:     4-2-21                                      */s/ Billy Shepherd*
                                                                                    Attorney-in-Charge, Love Defendants

Date:     4-2-21                                          */s/ Don Jackson*
                                                                                    Attorney-in-Charge, Lee Murphy Defendants