# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY ALVARADO; CLARA REDMOND; TAMMY HAGA; AMY RUMINSKI; and PAMELA JOHNSON Plaintiff, | § § § § § | |
| | § | CIVIL ACTION NO. 4:19-cv–02148 |
| v. | § | |
| | § | |
| CLARK, LOVE & HUTSON, G.P.; MURPHY LAW FIRM, G.P.; CLAYTON A. CLARK; CLAYTON A. CLARK, ESQ., PC; SCOTT A. LOVE; SCOTT A. LOVE, PC; SHELLEY HUTSON; HUTSON LAW FIRM, P.C.; JAMES LEE, JR.; JAMES LEE LAW FIRM, PC; and ERIN MURPHY, | § § § § § § § § § § | |

### DEFENDANTS' PROPOSED JURY QUESTIONS/INSTRUCTIONS

### EXHIBIT 3 TO DEFENDANTS' PRE-TRIAL ORDER

1

## PROPOSED JURY QUESTIONS/INSTRUCTIONS

<u>Definitions</u>

"CLH Defendants" means Clark Love & Huston, GP; Clayton A. Clark; Clayton A. Clark, Esq., PC; Scott A. Love; Scott A. Love, PC; Shelley Hutson; and Hutson Law Firm, PC.

"LM Defendants" means Lee Murphy Law Firm, GP; James Lee, Jr.; James Lee Law Firm, PC; and Erin Murphy.

<u>Negligence Question– Tammy Alvarado</u>

QUESTION 1:

Did the negligence, if any, of those named below proximately cause the occurrence in question to Tammy Alvarado?

"Negligence," when used with respect to the conduct of Tammy Alvarado, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Negligence," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means failure to use ordinary care, that is, failing to do that which an attorney of ordinary prudence could have done under the same or similar circumstances or doing that which an attorney of ordinary prudence would not have done under the same or similar circumstances. An attorney who makes a reasonable decision in the handling of a case is not negligent even if the decision later provides to be imperfect; therefore, if an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable.

"Ordinary care," when used with respect to the conduct of Tammy Alvarado, means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of the CLH Defendants, and the LM Defendants means that degree of care that an attorney of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Tammy Alvarado, the CLH Defendants, and the LM Defendants, means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by an attorney exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired about and the injury, if any, and thereby becomes the immediate cause of such injury, if any.

Answer "Yes" or "No" for each of the following:

3

Tammy Alvarado:          _____
CLH Defendants:          _____
LM Defendants:           _____

SOURCES:  *Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex. 1989); *Transcontinental Insurance Co. v. Crump*, 330 S.W.3d 211, 222–23 (Tex. 2010). *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007);  *see also* PJC 60.1, 61.5.


These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                 Judge Presiding

<u>Proportionate Responsibility Question– Tammy Alvarado</u>

If you answered "Yes" to Question 1 for more than one of those named below, then answer the following question for those parties only. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to anyone need not be the same percentage attributed to that one in answering another question.

QUESTION 2:

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

      Tammy Alvarado:           _____
      CLH Defendants:         _____
      LM Defendants:          _____

      Total:                <u>100%</u>

SOURCES:  Tex. Civ. Prac. & Rem. Code § 33.001, et seq.; *see also* PJC 61.7.


These requested instructions and question, being duly and timely requested, was:

Given _____            Refused _____

ENTRY REQUESTED

_____     _____
Date                       Judge Presiding

<u>Case Within A Case – Tammy Alvarado</u>

If you answered "Yes" to Question 1 for the CLH Defendants and/or the LM Defendants, then answer the following question. Otherwise, do not answer the following question.

When a legal malpractice case arises from prior litigation, the plaintiff must prove by expert testimony that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.

QUESTION 3:

What sum of money, if paid now in cash, would fairly and reasonably compensate Tammy Alvarado for her damages, if any, that resulted from such conduct?

Consider the single element of damages listed below and none other.  Do not include interest on any amount of damages you find.

Answer, in dollars and cents, for damages, if any.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Tammy Alvarado.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Do not include any amount for any harm resulting from the failure, if any, of Tammy Alvarado to have acted as a person of ordinary prudence would have done under the same or similar circumstances in addressing her damages, if any, that resulted from the occurrence in question.

   a. The difference, if any, between the amount that Tammy Alvarado settled for and collected in her original suit against the underlying transvaginal mesh manufacturing defendant and the amount she would have recovered and collected as a result of a trial if the original suit had been properly prosecuted by her lawyer.

Answer in dollars and cents:

Answer: _____

SOURCES: *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development & Research Corp.*, 299 S.W.3d 106, 113–14 (Tex. 2009); *Elizondo v. Krist,* 415 S.W.3d 259, 263 (Tex. 2013); *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017); PJC 84.4.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                          Judge Presiding

<u>Negligence Question– Clara Redmond</u>

QUESTION 4:

Did the negligence, if any, of those named below proximately cause the occurrence in question to Clara Redmond?

"Negligence," when used with respect to the conduct of Clara Redmond, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Negligence," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means failure to use ordinary care, that is, failing to do that which an attorney of ordinary prudence could have done under the same or similar circumstances or doing that which an attorney of ordinary prudence would not have done under the same or similar circumstances.  An attorney who makes a reasonable decision in the handling of a case is not negligent even if the decision later provides to be imperfect; therefore, if an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable.

"Ordinary care," when used with respect to the conduct of Clara Redmond, means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means that degree of care that an attorney of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Clara Redmond, the CLH Defendants, and the LM Defendants, means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by an attorney exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired about and the injury, if any, and thereby becomes the immediate cause of such injury, if any.

Answer "Yes" or "No" for each of the following:

| | |
|---|---|
| Clara Redmond: | _____ |
| CLH Defendants: | _____ |
| LM Defendants: | _____ |

SOURCES:  *Cosgrove v. Grimes,* 774 S.W.2d 662 (Tex. 1989); *Transcontinental Insurance Co. v. Crump*, 330 S.W.3d 211, 222–23 (Tex. 2010). *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007);  *see also* PJC 60.1, 61.5


These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED
_____          _____
Date                                          Judge Presiding

8

<u>Proportionate Responsibility Question– Clara Redmond</u>

If you answered "Yes" to Question 4 for more than one of those named below, then answer the following question for those parties only. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to anyone need not be the same percentage attributed to that one in answering another question.

QUESTION 5:

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

| | |
|---|---|
| Clara Redmond: | _____ |
| CLH Defendants: | _____ |
| LM Defendants: | _____ |
| | |
| Total: | <u>100%</u> |

SOURCES:  Tex. Civ. Prac. & Rem. Code § 33.001, et seq.; *see also* PJC 61.7.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                               Judge Presiding

<u>Case Within A Case – Clara Redmond</u>

If you answered "Yes" to Question 4 for the CLH Defendants and/or the LM Defendants, then answer the following question. Otherwise, do not answer the following question.

When a legal malpractice case arises from prior litigation, the plaintiff must prove by expert testimony that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.

QUESTION 6:

What sum of money, if paid now in cash, would fairly and reasonably compensate Clara Redmond for her damages, if any, that resulted from such conduct?

Consider the element of damages listed below and none other.  Do not include interest on any amount of damages you find.

Answer, in dollars and cents, for damages, if any.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Clara Redmond.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Do not include any amount for any harm resulting from the failure, if any, of Clara Redmond to have acted as a person of ordinary prudence would have done under the same or similar circumstances in addressing her damages, if any, that resulted from the occurrence in question.

    a. The difference, if any, between the amount that Clara Redmond settled for and collected in her original suit against the underlying transvaginal mesh manufacturing defendant and the amount she would have recovered and collected as a result of a trial if the original suit had been properly prosecuted by her lawyer.

Answer in dollars and cents:

Answer: _____

SOURCES: *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development & Research Corp.,* 299 S.W.3d 106, 113–14 (Tex. 2009); *Elizondo v. Krist,* 415 S.W.3d 259, 263 (Tex. 2013); *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017); PJC 84.4.


These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                                      Judge Presiding

10

Existence of Attorney-Client Relationship – Pamela Johnson

Texas law holds that a legal relationship of attorney and client is purely contractual and results from the mutual agreement and understanding of the parties concerned, based upon the clear and express agreement of the parties as to the nature of the work to be undertaken and the compensation agreed to be paid therefor. It is necessary that both parties either explicitly or implicitly manifest an intention to create an attorney-client relationship.

QUESTION 7:

At the time in question, was Pamela Johnson a client of any of the LM Defendants?

Answer "Yes" or "No."                    _____


SOURCE: *Parker v. Carnahan,* 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, writ denied); and *Lemaire v. Davis,* 79 S.W.3d 592, 600 (Tex. App.-- Amarillo 2002, pet. denied); *Hill v. Bartlette*, 181 S.W.3d 541, 547 (Tex. App.--Texarkana 2005, no pet.); Tex. PJC 61.11.


These requested instructions and question, being duly and timely requested, was:

Given _____        Refused _____

ENTRY REQUESTED

_____        _____
Date        Judge Presiding

11

<u>Negligence Question– Pamela Johnson</u>

If you answered "Yes" to Question 7, then answer the following question for all of those listed below. Otherwise, just answer the following question for Pamela Johnson and the CLH Defendants.

QUESTION 8:

Did the negligence, if any, of those named below proximately cause the occurrence in question to Pamela Johnson?

"Negligence," when used with respect to the conduct of Pamela Johnson, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Negligence," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means failure to use ordinary care, that is, failing to do that which an attorney of ordinary prudence could have done under the same or similar circumstances or doing that which an attorney of ordinary prudence would not have done under the same or similar circumstances. An attorney who makes a reasonable decision in the handling of a case is not negligent even if the decision later provides to be imperfect; therefore, if an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable.

"Ordinary care," when used with respect to the conduct of Pamela Johnson, means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means that degree of care that an attorney of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Pamela Johnson, the CLH Defendants, and the LM Defendants, means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by an attorney exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired

12

about and the injury, if any, and thereby becomes the immediate cause of such injury, if any.

Answer "Yes" or "No" for each of the following:

Pamela Johnson:                       _____
CLH Defendants:                       _____
LM Defendants:                        _____

SOURCES:  *Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex. 1989); *Transcontinental Insurance Co. v. Crump,* 330 S.W.3d 211, 222–23 (Tex. 2010). *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 46 (Tex. 2007);  *see also* PJC 60.1, 61.5.

These requested instructions and question, being duly and timely requested, was:

Given _____            Refused _____

ENTRY REQUESTED

_____            _____
Date                                 Judge Presiding

<u>Proportionate Responsibility Question– Pamela Johnson</u>

If you answered "Yes" to Question 8 for more than one of those named below, then answer the following question for those parties only. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

QUESTION 9:

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

Pamela Johnson: _____
CLH Defendants: _____
LM Defendants: _____

Total: <u>100%</u>

SOURCES:  Tex. Civ. Prac. & Rem. Code § 33.001, et seq.; *see also* PJC 61.7.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                      Judge Presiding

<u>Case Within A Case – Pamela Johnson</u>

If you answered "Yes" to Question 8 for the CLH Defendants and/or the LM Defendants, then answer the following question. Otherwise, do not answer the following question.

When a legal malpractice case arises from prior litigation, the plaintiff must prove by expert testimony that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.

QUESTION 10:

What sum of money, if paid now in cash, would fairly and reasonably compensate Pamela Johnson for her damages, if any, that resulted from such conduct?

Consider the element of damages listed below and none other.  Do not include interest on any amount of damages you find.

Answer, in dollars and cents, for damages, if any.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Pamela Johnson.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Do not include any amount for any harm resulting from the failure, if any, of Pamela Johnson to have acted as a person of ordinary prudence would have done under the same or similar circumstances in addressing her damages, if any, that resulted from the occurrence in question.

   a. The difference, if any, between the amount that Pamela Johnson settled for and collected in her original suit against the underlying transvaginal mesh manufacturing defendant and the amount she would have recovered and collected as a result of a trial if the original suit had been properly prosecuted by her lawyer.

Answer in dollars and cents:

Answer: _____

SOURCES: *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development & Research Corp.*, 299 S.W.3d 106, 113–14 (Tex. 2009); *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013); *Rogers v. Zanetti,* 518 S.W.3d 394, 401 (Tex. 2017); PJC 84.4.


These requested instructions and question, being duly and timely requested, was:

Given _____        Refused _____

ENTRY REQUESTED
_____        _____
Date        Judge Presiding

<u>Negligence Question– Amy Ruminski</u>

QUESTION 11:

Did the negligence, if any, of those named below proximately cause the occurrence in question to Amy Ruminski?

"Negligence," when used with respect to the conduct of Amy Ruminski, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Negligence," when used with respect to the conduct of the CLH Defendants, and the LM Defendants means failure to use ordinary care, that is, failing to do that which an attorney of ordinary prudence could have done under the same or similar circumstances or doing that which an attorney of ordinary prudence would not have done under the same or similar circumstances. An attorney who makes a reasonable decision in the handling of a case is not negligent even if the decision later provides to be imperfect; therefore, if an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable.

"Ordinary care," when used with respect to the conduct of Amy Ruminski, means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

"Ordinary care," when used with respect to the conduct of the CLH Defendants, and the LM Defendants, means that degree of care that an attorney of ordinary prudence would use under the same or similar circumstances.

"Proximate cause," when used with respect to the conduct of Amy Ruminski, the CLH Defendants, and the LM Defendants, means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by an attorney exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired about and the injury, if any, and thereby becomes the immediate cause of such injury, if any.

Answer "Yes" or "No" for each of the following:

16

Amy Ruminski:                    _____
CLH Defendants:                  _____
LM Defendants:                   _____


SOURCES:  *Cosgrove v. Grimes*, 774 S.W.2d 662 (Tex. 1989); *Transcontinental Insurance Co. v. Crump*, 330 S.W.3d 211, 222–23 (Tex. 2010). *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 46 (Tex. 2007); *see also* PJC 60.1, 61.5.


These requested instructions and question, being duly and timely requested, was:

Given _____           Refused _____

ENTRY REQUESTED

_____           _____
Date                                              Judge Presiding

17

<u>Proportionate Responsibility Question– *Amy Ruminski*</u>

If you answered "Yes" to Question 11 for more than one of those named below, then answer the following question for those parties only. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

QUESTION 12:

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

Amy Ruminski:            _____

CLH Defendants:         _____

LM Defendants:          _____

Total:                   <u>100%</u>

SOURCES:  Tex. Civ. Prac. & Rem. Code § 33.001, et seq.; *see also* PJC 61.7.

These requested instructions and question, being duly and timely requested, was:

Given _____              Refused _____

ENTRY REQUESTED

_____     _____
Date                        Judge Presiding

18

<u>Case Within A Case – Amy Ruminski</u>

If you answered "Yes" to Question 11 for the CLH Defendants and/or the LM Defendants, then answer the following question. Otherwise, do not answer the following question.

When a legal malpractice case arises from prior litigation, the plaintiff must prove by expert testimony that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.

QUESTION 13:

What sum of money, if paid now in cash, would fairly and reasonably compensate Amy Ruminski for her damages, if any, that resulted from such conduct?

Consider the element of damages listed below and none other.  Do not include interest on any amount of damages you find.

Answer, in dollars and cents, for damages, if any.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Amy Ruminski.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Do not include any amount for any harm resulting from the failure, if any, of Amy Ruminski to have acted as a person of ordinary prudence would have done under the same or similar circumstances in addressing her damages, if any, that resulted from the occurrence in question.

    a.   The difference, if any, between the amount that Amy Ruminski settled for and collected in her original suit against the underlying transvaginal mesh manufacturing defendant and the amount she would have recovered and collected as a result of a trial if the original suit had been properly prosecuted by her lawyer.

Answer in dollars and cents:

Answer: _____

SOURCES: *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development & Research Corp.*, 299 S.W.3d 106, 113–14 (Tex. 2009); *Elizondo v. Krist*, 415 S.W.3d 259, 263 (Tex. 2013); *Rogers v. Zanetti*, 518 S.W.3d 394, 401 (Tex. 2017); PJC 84.4.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                                            Judge Presiding

19

<u>Existence of Attorney-Client Relationship – Tammy Haga</u>

Texas law holds that a legal relationship of attorney and client is purely contractual and results from the mutual agreement and understanding of the parties concerned, based upon the clear and express agreement of the parties as to the nature of the work to be undertaken and the compensation agreed to be paid therefore. It is necessary that both parties either explicitly or implicitly manifest an intention to create an attorney-client relationship.

QUESTION 14:

At the time in question, was Tammy Haga a client of any of any of the LM Defendants?

Answer "Yes" or "No."                    _____

SOURCE: *Parker v. Carnahan*, 772 S.W.2d 151, 156 (Tex. App.--Texarkana 1989, writ denied); and Lemaire v. Davis, 79 S.W.3d 592, 600 (Tex. App.-- Amarillo 2002, pet. denied); *Hill v. Bartlette,* 181 S.W.3d 541, 547 (Tex. App.--Texarkana 2005, no pet.); Tex. PJC 61.11.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date                               Judge Presiding

20

<u>Negligence Question– Tammy Haga</u>

If you answered "Yes" to Question 14, then answer the following question for all of those listed below. Otherwise, just answer the following question for Tammy Haga and the CLH Defendants.

QUESTION 15:

Did the negligence, if any, of those named below proximately cause the occurrence in question to Tammy Haga?

> "Negligence," when used with respect to the conduct of Tammy Haga, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

> "Negligence," when used with respect to the conduct of the CLH Defendants and the LM Defendants, means failure to use ordinary care, that is, failing to do that which an attorney of ordinary prudence could have done under the same or similar circumstances or doing that which an attorney of ordinary prudence would not have done under the same or similar circumstances. An attorney who makes a reasonable decision in the handling of a case is not negligent even if the decision later provides to be imperfect; therefore, if an attorney makes a decision which a reasonably prudent attorney could make in the same or similar circumstance, it is not an act of negligence even if the result is undesirable.

> "Ordinary care," when used with respect to the conduct of Tammy Haga, means that degree of care that a person of ordinary prudence would use under the same or similar circumstances.

> "Ordinary care," when used with respect to the conduct of  the CLH Defendants and the LM Defendants, means that degree of care that an attorney of ordinary prudence would use under the same or similar circumstances.

> "Proximate cause," when used with respect to the conduct of Tammy Haga, the CLH Defendants, and the LM Defendants, means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that an attorney using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

> "New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable by an attorney exercising ordinary care, that destroys the causal connection, if any, between the act or omission inquired

21

about and the injury, if any, and thereby becomes the immediate cause of such injury, if any.

Answer "Yes" or "No" for each of the following:

| | |
|---|---|
| Tammy Haga: | _____ |
| CLH Defendants: | _____ |
| LM Defendants: | _____ |

SOURCES:  *Cosgrove v. Grimes,* 774 S.W.2d 662 (Tex. 1989); *Transcontinental Insurance Co. v. Crump,* 330 S.W.3d 211, 222–23 (Tex. 2010). *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 46 (Tex. 2007);  *see also* PJC 60.1, 61.5

These requested instructions and question, being duly and timely requested, was:

Given _____            Refused _____

ENTRY REQUESTED

_____            _____
Date                                               Judge Presiding

22

<u>Proportionate Responsibility Question– Tammy Haga</u>

If you answered "Yes" to Question 15 for more than one of those named below, then answer the following question for those parties only. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

QUESTION 16:

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

| | |
|---|---|
| Tammy Haga: | _____ |
| CLH Defendants: | _____ |
| LM Defendants: | _____ |
| | |
| Total: | <u>100%</u> |

SOURCES:  Tex. Civ. Prac. & Rem. Code § 33.001, et seq.; *see also* PJC 61.7.

These requested instructions and question, being duly and timely requested, was:

Given _____          Refused _____

ENTRY REQUESTED

_____          _____
Date          Judge Presiding

23

Case Within A Case – Tammy Haga

If you answered "Yes" to Question 15 for the CLH Defendants and/or the LM Defendants, then answer the following question. Otherwise, do not answer the following question.

When a legal malpractice case arises from prior litigation, the plaintiff must prove by expert testimony that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care.

QUESTION 17.

What sum of money, if paid now in cash, would fairly and reasonably compensate Tammy Haga for her damages, if any, that resulted from such conduct?

Consider the element of damages listed below and none other.  Do not include interest on any amount of damages you find.

Answer, in dollars and cents, for damages, if any.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Tammy Haga.  Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Do not include any amount for any harm resulting from the failure, if any, of Tammy Haga to have acted as a person of ordinary prudence would have done under the same or similar circumstances in addressing her damages, if any, that resulted from the occurrence in question.

   a.  The difference, if any, between the amount that Tammy Haga settled for and collected in her original suit against the underlying transvaginal mesh manufacturing defendant and the amount she would have recovered and collected as a result of a trial if the original suit had been properly prosecuted by her lawyer.

Answer in dollars and cents:

Answer: _____

SOURCES: *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. National Development & Research Corp.,* 299 S.W.3d 106, 113–14 (Tex. 2009); *Elizondo v. Krist,* 415 S.W.3d 259, 263 (Tex. 2013); *Rogers v. Zanetti,* 518 S.W.3d 394, 401 (Tex. 2017); PJC 84.4.


These requested instructions and question, being duly and timely requested, was:

Given _____                    Refused _____

ENTRY REQUESTED

_____          _____
Date                                              Judge Presiding